W. G. WRIGHT and wife v. THE FRIES MANUFACTURING AND POWER COMPANY.

(Filed 29 April, 1908).

1. **Street Railways—Moving Car—Person Entering Upon Track—Negligence—Duty of Company.**

   The duty required of the employees of a street car company on seeing a person enter at a place of danger upon its track in front of a rapidly moving car is to exercise ordinary care, give signals, lower the speed and, if it appears reasonably necessary, stop the car. If the car is properly equipped and the equipment used with reasonable promptness and care the company will not be liable.

2. **Same—Instructions.**

   The driver of a wagon upon which the plaintiff was riding, in order to pass another vehicle, reined his wagon onto the street car track. Looking back through his covered wagon he saw a car approaching, and backed his team from the track so as to throw the back of the wagon upon it, and the alleged injury to plaintiff was caused by the car striking the wagon. There was evidence that the motorman rang his gong and attempted to bring the car to a full stop, but before he could do so it struck the wagon: *Held*, it was error in the lower court to charge the jury, in effect, that it was the duty of the motorman to stop the car at once when he saw the wagon would not clear the track, and within the distance testified to, if this could have been done without danger to the occupants of the car, and that the mere ringing of the gong was not sufficient.

3. **Appeal and Error—Nonsuit—Instructions Not Considered.**

   Upon an appeal from sustaining a motion as of nonsuit upon the evidence it is not ordinarily necessary to pass upon the refusal of a requested instruction upon the evidence.

ACTION tried before *Moore, J.,* and a jury, at September Term, 1907, of FORSYTH.

This action was brought by the *feme* plaintiff to recover damages for personal injuries.

The court submitted these issues:

"1. Was the plaintiff M. C. Wright injured by the negligence of the defendant, as alleged in the complaint?" Answer: "Yes."

"2. What amount of damages, if any, is the plaintiff M. C. Wright entitled to recover?"    Answer: "Two hundred dollars."

From the judgment rendered the defendant appealed. The facts are stated in the opinion of the Court.

*Lindsay Patterson* for plaintiffs.

*Manly & Hendren* and *Watson, Buxton & Watson* for defendant.

BROWN, J.   The *feme* plaintiff claims to have been injured in a collision between defendant's electric street railway car and the wagon in which she was riding, on 28 August, 1903. There was evidence tending to prove that plaintiff was in a covered wagon driven by her son, going up Liberty Street in the city of Winston; that defendant's car was going up the same street at the speed of six miles an hour; that in order to pass the vehicle of a Mrs. Tesh the driver of the wagon reined his team to the left and onto the street railway track.   Looking back through his covered wagon and seeing the car coming, he backed his team off the track, and in so doing threw the rear end of his wagon back on the track.   There was evidence tending to prove that the motorman rang his gong and attempted to bring his car to a full stop, but before he could do so the car struck the end of the wagon and shoved it forward some five or six feet, and that the *feme* plaintiff was injured. There was also evidence tending to prove that she received no injury.   At the request of plaintiff, his Honor gave several prayers for instruction, two of which are as follows:

"If the jury find from the evidence that the motorman saw the wagon on defendant's track thirty-five or forty feet ahead of the car, with the rear end of the wagon turned towards the car, it was the duty of the said motorman to at once stop the car in order to prevent a collision with the wagon, if it could have been stopped within that distance by the exercise of ordinary care and without danger to the occupants of the car, and

if the motorman failed to do so the defendant would be guilty of negligence." Again: "If the jury find from the evidence that the car was within thirty-five or forty feet from the wagon, and that the motorman saw that the driver of the wagon was not turning off the track, it was not sufficient for the motorman to merely ring the gong, but it was his duty to stop the car if it could have been done by the exercise of ordinary care and without danger to those on the car."

We think these instructions are erroneous, and in deference to the earnest argument of the learned counsel for plaintiffs we have carefully scanned the charge to see if the error was cured, as in *Wilson v. Railroad,* 142 N. C., 333, in any other portion of his Honor's instructions. We fail to see that it was. These instructions determine as a matter of law that it was the duty of the motorman to stop his car when within thirty-five or forty feet of a vehicle on the track.

It would be almost impossible to operate a street railway system with any sort of expedition if this "hard and fast rule" were adopted as a standard of duty. This subject is fully discussed in *Davis v. Traction Co.,* 141 N. C., 134-140, where it is held: "If a car is moving at a lawful speed—that is, not an excessive rate of speed—and a person enters upon the track, the defendant is required to exercise ordinary care—give signals, lower the speed and, if it appears *reasonably necessary,* stop the car. If the car is properly equipped and the equipment used with reasonable promptness and care, the defendant will not be liable."

The defendant requested his Honor to instruct the jury that there was no evidence of negligence and to direct them to answer the first issue "No." As this question is not presented upon a motion to nonsuit, the sustaining of which would dismiss the action, it is not necessary that we should pass on it, as the evidence may not be the same upon another trial.

New Trial.