## JAMES H. SPARGER v. NORTH CAROLINA PUBLIC-SERVICE CORPORATION.

(Filed 7 November, 1917.)

**Issues — Evidence — Negligence — Contributory Negligence — Last Clear Chance.**

An issue as to the last clear chance is properly submitted, in an action against a street car company for damages for a personal injury alleged to have negligently been caused by defendant's street car running into the plaintiff's buggy as he was crossing the defendant's track, when there is evidence tending to show negligence, and contributory negligence, and that defendant's street car was running 20 or 25 miles an hour without sounding its gong or giving other warnings of its approach or slacking its speed, which otherwise may have warned the plaintiff in time to have avoided the injury.

ACTION before *Long, J.,* at April Term, 1917, of GUILFORD.

On the morning of 10 November, 1915, plaintiff was driving in his buggy north on Elm Street, on the right-hand side of North Elm Street, and his horse turned west of his own accord into Gaston Street, which intersects North Elm at a right angle. To do so it was necessary to cross the tracks of defendant. The plaintiff's place of business was on Gaston Street, and for months it had been his custom to make this trip, with his horse, along this route. He did not look up or down the track before entering upon the track, and was not controlling the horse with the lines at the time, though he had hold of them. He did not see the car before he got on the tracks, and when he first observed it the car was 125 or 140 feet north from him, traveling 20 to 25 miles per hour. He was on one of the principal streets of the town. The motorman did not ring any gong nor sound any warning, and did not slacken his speed. Plaintiff urged his horse forward, but failed to get entirely off the track, after doing all he could to do so. The car struck a spoke on one of the rear wheels of the buggy, overturned it, and threw plaintiff violently to the ground.

The defendant objected to the third issue, "as to the last clear chance," and the instruction in regard to it, and moved to nonsuit the plaintiff. The jury found that defendant was negligent; that plaintiff was guilty of contributory negligence, but that defendant's servants could have prevented the injury by the exercise of ordinary care, notwithstanding plaintiff's negligence, and assessed the damages at $1,000. Defendant appealed from the judgment.

*John A. Barringer, G. S. Bradshaw, and R. C. Strudwick for plaintiff. Jerome, Scales & Jerome for defendant.*

PER CURIAM.  It is found by the jury that both parties were guilty of negligence—the defendant, in running at an excessive speed and failing to give proper warning of the approach of the street car; and the plaintiff, in attempting to cross the track of the street railway company in a careless manner; and the evidence fully supports the findings.  There was no serious controversy as to this part of the case.  But defendant contends that there was no reason for submitting the third issue, as to the ability of defendant's servants to stop the car and avoid the collision, after its servants had observed the plaintiff's dangerous predicament. There was relevant evidence for the jury to consider upon such an inquiry, and the jurors might determine for themselves whether the motorman could have stopped the car after seeing the plaintiff's danger and before reaching the buggy.  There was no use of the gong or other signal to warn plaintiff of the danger of remaining on the track or of going upon it.  Even though he may have seen the car afterwards, it was too late to leave the track entirely before his buggy was stricken by the car and overturned.  There was evidence as to this feature of the case, and also evidence that plaintiff acted with promptness after discovering his danger.  If the motorman had sounded the gong, seasonably, it would have aroused the plaintiff to the peril of his situation, and he would have had more time to escape the injury.  The case is governed by the principles of *Norman v. R. R.,* 167 N. C., 538, though not like it in all respects. See, also, *Davis v. Traction Co.,* 141 N. C., 134; *Wright v. Mfg. Co.,* 147 N. C., 534; *Smith v. R. R.,* 162 N. C., 30.  The Court said, in *Davis v. Traction Co., supra:* "If a car is moving at a lawful speed—that is, not an excessive rate of speed—and a person enters upon the track, the defendant is required to exercise ordinary care—give signals, lower the speed, and, if it appears *reasonably necessary,* stop the car."  The same language was quoted and approved in *Wright v. Mfg. Co., supra.*  There was evidence of negligence on the part of defendant after its servants either did discover or could have discovered the danger in which plaintiff had been placed by his own inattention and want of care for himself.

No error.