JOHN HENRY ALEXANDER v. SOUTHERN PUBLIC UTILITIES COMPANY AND W. O. WOODCOCK.

(Filed 12 December, 1934.)

1. **Street Railroads B b—Evidence of negligence in operation of street car held sufficient to be submitted to jury.**

The evidence in this case tended to show that plaintiff was driving a truck along a busy and congested street in a city, that at the place of the accident there were cars parked at angles and double parked so that there was not sufficient space between the parked cars and the street car tracks for a vehicle to pass, that plaintiff was driving behind another truck, that the first truck turned off the street and plaintiff then saw for the first time defendant's street car approaching him from the opposite direction, that plaintiff was powerless to get out of the way of the approaching street car because of the automobiles parked along the curb of the street, and that the street car was being driven 25 to 28 miles an hour, and that without slackening its speed or giving warning by bell or gong, the street car crashed into the truck plaintiff was driving, resulting in injury to plaintiff: *Held*, the evidence was sufficient to be submitted to the jury on the issue of the negligence of defendant street car company.

2. **Automobiles G i—Instruction in this case on issue of contributory negligence held free from reversible error.**

In this case plaintiff was driving his truck behind another truck along a busy and congested street in a city and plaintiff was injured in an accident occurring when the first truck turned off the street to the right and a street car approaching from the opposite direction crashed into plaintiff's truck, plaintiff being unable to get out of the way of the street car because of automobiles parked along the curb of the street. The trial court fully and correctly defined contributory negligence and instructed the jury that plaintiff was required to drive with due care for his own safety and keep a proper lookout: *Held*, an exception to the charge for its failure to call the jury's attention to N. C. Code, 2621 (57), which provides that one car shall not follow another more closely than is reasonable and prudent cannot be sustained in the absence of a special request for such instructions.

APPEAL from *Devin, J.*, and a jury, at August, 1934, Special Term of MECKLENBURG. No error.

This is an action for actionable negligence, brought by plaintiff against defendants. The defendants denied that they were guilty of any negligence and set up the plea of contributory negligence. The plaintiff in his replication set up "last clear chance."

The following issues were submitted to the jury and their answers thereto: "(1) Was plaintiff injured by the negligence of the defendants, as alleged in the complaint? A. Yes. (2) Did plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? A. No. (3) If so, notwithstanding the contributory negligence of the plaintiff, could the defendants, by the exercise of due care, have avoided the injury to the plaintiff? A. ................ (4) What damages, if any, is the plaintiff entitled to recover of the defendants? A. $1,066.00."

The court below rendered judgment on the verdict. The defendants made several exceptions and assignments of error and appealed to the Supreme Court.

*Hiram P. Whitacre for plaintiff.*
*John M. Robinson and W. B. McGuire, Jr., for defendants.*

CLARKSON, J. The defendants in the court below, at the close of the plaintiff's evidence and at the close of all the evidence, made motions for judgment as in case of nonsuit, C. S., 567. The court below overruled these motions, and in this we can see no error. The evidence on the part of the plaintiff was to the effect: That the defendant Utility Company, through its motorman, Woodcock, was operating a street car in the city of Charlotte, on North McDowell Street, going north. The place where the collision occurred was at or near where East 2d Street should enter South McDowell Street. There are a number of stores at this point. The total frontage of these stores on the right, going south on North McDowell Street, is eighty-eight feet. The plaintiff was going south on North McDowell Street, and to his right and in front of the stores were a number of automobiles parked, some double-parked and at angles. Between the parked automobiles and the west rail of the street car track there was not sufficient space to drive unless driving to the left and on the west rail of the street car track. Where the collision occurred was in a hollow of the street. The decline going north on McDowell Street was a little greater than the decline going south. The collision occurred in front of a meat market, a short distance from the lowest point of the decline. On 21 November, 1933, at about 12:30 o'clock p.m., the motorman, Woodcock, driving the street car, coming down the decline going north on McDowell Street, was operating the street car about 20 to 28 miles an hour, and without slowing down ran into the truck plaintiff was driving and seriously injured him. The street car motorman gave no signal or warning. The plaintiff, a colored man,

was driving a 1925 Whippet truck for the Dixie Awning Company, on business, in a southerly direction at a speed not exceeding 10 or 15 miles an hour. He was following a big van truck. He testified, in part: "I continued behind this truck down South McDowell Street until I got to those stores in the business section. The cars were double-parked or angle-parked. I had to pull over on the west rail of the street car track. This truck in front of me switched off of track. About that time I looked up and the street car was right in my face. I was helpless. A large car was parked there and I had to pull over on the street car track, and before I knew anything I was hit. I had to drive my car over the west rail of the street car track. I did not have room to get by on account of the cars parked there. I would have hit other people. . . . I came on down by them right behind the truck. I couldn't see the ones that were angled back until I got there. The big truck pulled up, and when it pulled out the street car dashed into me. When he pulled in the corner, I looked in the street car's face. When that happened, I was within 10 feet of the street car. I was running on the right-hand side of the street. When I got to all of these parked cars the truck jerked over to the left and I pulled over to the left, and about that time the truck got out of the way and I saw the street car. I was within 10 feet of the street car then."

Will Johnson testified, in part: "It looked like the street car was making 25 or 28 miles an hour. After it passed me, it kept on down to the branch and was just about at the branch when it had the collision. The street car didn't slacken in speed from the time it passed me until this collision. If it did, I couldn't tell the difference. I did not hear any bell or gong at all. . . . Five or six cars were parked angling in front of the A. & P. store. Therefore, if anyone was coming south, one wheel had to get on the street car track to pass the cars there. One coach was parked double on the south side of the A. & P. store. It was a Buick and would take up the length of the street. There would not be more than 3 or 4 feet from the automobile to the car line, and no car would have space in passing if it didn't get on the car line without hitting the rear end."

Under the facts and circumstances of this case, we think the evidence sufficient to be submitted to the jury. *Ingle v. Power Co.,* 172 N. C., 751; *Smith v. Electric R. R.,* 173 N. C., 489; *Lea v. Utilities Co.,* 178 N. C., 509. The exceptions and assignments of error to the charge of the court below cannot be sustained. The court below defined accurately negligence, contributory negligence, and proximate cause, and applied the law applicable to the facts.

The charge of contributory negligence, in part, is as follows: "The burden of proof upon the second issue is upon defendants to satisfy you

from the evidence, and by its greater weight, that plaintiff himself was negligent, and that his negligence was a proximate contributing cause to his injury. That is what we term contributory negligence. Contributory negligence means want of due care upon the part of a person who has been injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof and without which it would not have occurred.

"So, remembering the definitions of negligence, due care and proximate cause, there was a duty upon the plaintiff to exercise due care and precaution for his own sake. It was his duty in the operation of the motor truck upon the street to operate the same with due care and prudence for his own safety. Not to operate it at a greater rate of speed than 15 miles per hour, or than was reasonable and proper, considering the traffic, width, surface, and other conditions then existing, which he knew, or in the exercise of due care could ascertain. It was his duty to keep a reasonable and proper lookout in the direction in which he was going, to be advertent to the traffic on the street, which in the exercise of due care he could have seen and anticipated, and if you find from this evidence, and by its greater weight, that plaintiff failed in one or more of these respects to exercise due care, and that such failure on his part combined and concurred with negligence on defendants' part, produces the injury complained of as a proximate cause thereof, then it would be your duty to answer the second issue 'Yes'; otherwise, 'No.' "

The defendants complain that the court, in its charge on contributory negligence, did not call attention to N. C. Code, 1931 (Michie), sec. 2621 (57), which is as follows: "(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent with regard for the safety of others and due regard to the speed of such vehicles and the traffic upon and condition of the highway," etc.

The defendant requested no prayer for instruction on this aspect, but we think the charge full and plenary enough as given. The jury did not answer the issue as to the "last clear chance," and in the charge as a whole we see no error.

The evidence on the part of the defendants was in conflict with that of plaintiff. The jury, the triers of the facts, took plaintiff's version of the collision. This was for them to decide and not us, where the evidence, as in this case, was sufficient to be submitted to the jury.

On the whole record, we see no prejudicial or reversible error.

No error.