W. M. WHEELER v. R. L. GIBBON.

(Decided June 5, 1900.)

*Negligence—Concurrent Negligence—Last Clear Chance.*

Where the evidence discloses, and the jury so find, negligence and
    concurrent negligence the remaining question, as to the last
    clear chance is peculiarly one for the jury to answer from the
    evidence, and their response is decisive of the case.

CIVIL ACTION to recover damages for personal injuries
sustained by the alleged negligence of defendant's driver in
driving his horse and buggy against the plaintiff in Charlotte,
tried before *Coble, J.,* at Spring Term, 1899, of MECKLEN-
BURG Superior Court. The plaintiff was crossing the street
in a severe wind and rain storm, with his head under an
umbrella, when the driver at a fast rate of speed collided with
him, and knocked him over, hurting him severely. The de-
fendant objected to the third issue (as to the last clear
chance), and excepted because the Court refused to strike it
out. The jury found all the issues in the affirmative, and
assessed plaintiff's damages at $500. Judgment accordingly.
Appeal by defendant.

*Messrs. Burwell, Walker & Cansler,* for appellant.
*Messrs. Jones & Tillett,* for appellee.

CLARK, J. The plaintiff started to cross Tryon street in
Charlotte, at a crossing. A violent storm of wind and rain
suddenly sprang up. He looked down the street just before
crossing, in the direction from which the storm was coming,
and saw "no moving thing;" he placed his umbrella on that
side to keep off the rain, and tried to cross. While his view

was thus obstructed, and when he had almost reached the opposite sidewalk, the hoof of the defendant's horse, which was being driven up the street, going in the same direction as the storm, shot forward under the umbrella as he held it down, striking him on the knee, and immediately after the front wheel of the buggy struck him.

The jury in response to the first issue found that the plaintiff was injured by the negligence of the defendant, and, in response to the second issue, that plaintiff was guilty of contributory negligence. This disposes of much of the argument that was submitted, and clearly justifies the submission of the third issue (*Baker v. Railroad*, 118 N. C., 1015, and cases cited), to which defendant excepted. "Could the defendant, by the exercise of ordinary care, have avoided the injury to the plaintiff, notwithstanding the negligence of the plaintiff." This was the crucial issue of fact, and was peculiarly for the consideration of the jury, for we can not agree with the appellant that the Court could instruct the jury that on such a state of facts, in law, the proximate cause of injury was due to the plaintiff. That is the very fact which the jury, not the Court, must determine. The negligence may have been concurrent, or the last negligence may have been the plaintiff's, or notwithstanding the negligence of the plaintiff the defendant could, with the exercise of ordinary care, have prevented his horse striking, and his conveyance running over, the plaintiff. The jury and the jury alone were competent to determine the fact, for there was evidence for their consideration. The plaintiff was crossing, with his head tucked behind his umbrella. This was negligence. The defendant was driving rapidly, "ten miles an hour, or at top of his speed," and with his oilcloth up in front of the buggy, and this was negligence. He was driving in the same direction with the storm, and was in a vehicle, and

therefore could keep a better lookout.  Then his horse and vehicle could do damage to a foot passenger—and did—while the foot passenger was not likely to run into him and do damage, and the defendant should have kept a lookout correspondingly careful to avoid injury.

This is not like *High v. Railroad,* 112 N. C., 385, where it was not negligence for the engineer to suppose that a woman, even though wearing a poke bonnet, would hear and see the train and get off the narrow railroad track; but, here, the defendant could not suppose that the plaintiff, crossing a street in a heavy storm, with his head behind his umbrella, would see or hear his buggy in time to get out of the way. He had no right to act on that presumption, as the engineer was justified in doing in High's case.  The train had the superior right of way.  The defendant had not.

The jury under proper instructions have found that if the defendant, himself driving negligently, had used ordinary care, he could have seen the plaintiff negligently crossing the street in a pelting storm with his head hid behind his umbrella, in time to avoid running over him.  This was a pure question of fact, and the Court can not review it.  Citation of cases, far and near, more or less analagous, would throw no light upon the solution of the question of fact, so plainly and so clearly set forth in the third issue for the jury to answer.

No error.