S. H. LEA v. SOUTHERN PUBLIC UTILITIES COMPANY.

(Filed 19 November, 1919.)

**Negligence—Issues—Contributory Negligence—Last Clear Chance—Burden of Proof—Trials—Instructions—Appeal and Error.**

　　Where, in an action to recover damages for a personal injury, the three issue of negligence, contributory negligence, and the last clear chance are involved, the burden is upon the plaintiff to show negligence and proximate cause under the first issue; and when this has been done, the burden is on the defendant to show plaintiff's contributory negligence under the

second issue, and, under the third issue, the burden then shifts to the plaintiff to show that, notwithstanding his own negligence, the exercise by the defendant of ordinary care would have avoided the injury; and where the judge's charge applies the evidence so as to increase the burden on the first issue, and thereby unduly places a greater burden upon the plaintiff than the law requires, it is reversible error.

CIVIL ACTION, tried before *Adams, J.,* at April Term, 1919, of MECK-LENBURG.

This is the third time we have had this case before us. It is reported in 175 N. C., p. 459, and 176 N. C., p. 811. The facts are substantially stated in the first appeal, reported in 175 N. C., 459. The error assigned in this appeal is like that, for which we gave a new trial in the second appeal, though it was at the last trial an error against the plaintiff instead of against the defendant in the second appeal. The issues are alike in all the appeals.

The principal errors assigned in this record are those taken to two instructions of the court, which we will designate by numbers:

1. "If you find from the evidence that the plaintiff drove his horse across the track of the railway when he saw the car approaching him, and thereby took the chance of his ability to pass over the track in safety, and that a man of ordinary prudence and care would not have attempted to do so under the same or similar circumstances, and drove his wheel upon the fender of the car and was thereby injured, plaintiff, under these circumstances, would be deemed to be guilty of such negligence as, nothing else appearing, would bar his recovery as the proximate or concurring cause of his injury, and, in that event, you would answer the first issue 'No.'

2. "If you find the facts to be that the collision between the buggy and the street car broke the harness so that the only connection between the horse and buggy was the plaintiff's holding on to the reins, and that therefore the horse ran away, and the plaintiff negligently continued to hold to the reins until he was pulled over the dashboard, and on account thereof he received the injuries of which he complains, and if you further find that his negligence in this respect was the sole proximate cause of his injury, you will answer the first issue 'No.' "

The plaintiff's objection to the first of these instructions is based upon two grounds:

(1) It places the burden on the plaintiff of proving that he was not guilty of contributory negligence, and not upon the defendant, whose burden it was to prove that he was guilty of negligence.

(2) It permitted the jury to answer the first issue "No," without even considering the alleged negligence of the defendant.

Judgment for defendant, and appeal by plaintiff.

*Thomas W. Alexander and Cansler & Cansler for plaintiff.*
*Osborne, Cocke & Robinson for defendant.*

WALKER, J., after stating the facts: The burden was upon the plaintiff to satisfy the jury upon the first issue that the defendant was negligent, and that its negligence was the proximate cause of the injury to him. This was his only burden. When he had established the defendant's negligence as the proximate cause of his injuries, the burden then shifted to the defendant, and it was required to prove, under the second issue, the plaintiff's contributory negligence. When it has done that, the burden again shifts, but this time to the plaintiff, and he must show that under the third issue, notwithstanding plaintiff's negligence, the defendant could, by the exercise of ordinary care, have prevented the injury to him. The first of the instructions given by the court violated this rule, because it placed the burden on the plaintiff upon the first issue to disprove his own negligence, whereas, his burden was to show merely the defendant's negligence as the proximate cause of the injury. The burden thus placed on the plaintiff did not properly belong to him, and his own negligence was not involved in the first issue, but only the defendant's negligence, and the question whether it was the proximate cause of plaintiff's injury. The jury, under this instruction, could well have answered the first issue "No," without considering the question really presented by it, namely, whether the defendant had caused such injury by its negligence. But, even if the judge had once properly instructed the jury on the first issue, this second instruction thereon would have been error, as being wrong in itself, and as leaving the jury in doubt as to the correct law. *Tillett v. R. R.,* 115 N. C., 663; *Williams v. Haid,* 118 N. C., 481; *Edwards v. R. R.,* 132 N. C., 99, at p. 101. The case of *Peoples v. R. R.,* 137 N. C., 96, at p. 97, seems to be directly in point, as to the incorrectness of this instruction. There the defendant requested the court to charge, in substance, that it was the duty of the plaintiff's intestate to keep a sharp lookout for the string of cars, which was being "kicked" along one of the tracks in the defendant's yards, and that if he failed to do so, the answer to the *first* issue should be "No." This Court, in reviewing the case, said: "This was properly refused, because the prayer assumed as a fact that intestate's failure to keep a sharp lookout was the proximate cause of the injury. Besides, this prayer was upon the first issue and seeks to throw upon the plaintiff the burden of proving, not that the defendant was guilty of negligence, but that the intestate was not guilty of contributory negligence. Such instruction would have been clearly erroneous, if given, citing *Fulp v. R. R.,* 120 N. C., 525, which sustains its ruling. See, also, *Curtis v. R. R.,* 130 N. C., 437; *Cox v. R. R.,* 123 N. C., 604; *Graves v. R. R.,*

136 N. C., 9.   It was said in *Cox v. R. R., supra:* "Each issue bears its own burden, and it rarely happens that the burden of all the issues rests upon the same party, for in cases of negligence, like the present, it changes with each successive step, it being necessary for the plaintiff to prove the negligence of the defendant; the defendant, the contributory negligence of the plaintiff; and, again, for the plaintiff to show the last clear chance of the defendant, if that issue becomes material.   Each of these issues depends upon the one preceding.   The plaintiff must first prove that he was injured by the negligence of the defendant.   If he fails to prove it, that is an end of the case.   The defendant is not required to prove contributory negligence unless there is negligence on the part of the defendant."   And we may add that plaintiff is not required, on the first issue, to show the absence of negligence on his part, the full burden of showing his negligence resting upon the defendant under the second issue, and by the statute, Laws 1887, ch. 33 (Rev., 483).   That law provides that contributory negligence shall be specially pleaded as a defense, "and proved by the defendant on the trial."   It will be observed that the judge directed the jury to answer the first issue "No," upon a finding that plaintiff had been negligent in the respect mentioned by him. This was making the answer to the first issue depend upon the plaintiff's negligence instead of upon that of the defendant, which amounted not only to placing the burden improperly, but also inserted in an instruction on the first issue matter not germane to it, and not pertinent to that issue, but to be considered only on the second issue.

There was evidence in this case sufficient to carry it to the jury. *Wheeler v. Gibbon,* 126 N. C., 811; *Moore v. R. R.,* 128 N. C., 457; *Norman v. R. R.,* 167 N. C., 543; *Ingle v. Power Co.,* 172 N. C., 751; *Smith v. Electric Co.,* 173 N. C., 489; *Sparger v. Public Service Co.,* 174 N. C., 776.   It was for the jury to decide, under proper instructions from the court, which party's negligence was the proximate cause of the injury, with the burden upon the plaintiff as to the first and third issues, and upon the defendant as to the second.   In *Stewart v. R. R.,* 137 N. C., 690, 691, after stating that the statute requires the defendant to allege and prove contributory negligence, the Court said: "It was error to put upon the plaintiff the burden of proving that her intestate was not negligent."   See, also, *Hardy v. Lumber Co.,* 160 N. C., 113; *Kearney v. R. R.,* 177 N. C., 251, 253.

We are sure the learned judge gave this instruction inadvertently, or that the necessary effect of it was not, at the time, apparent to him.

The second of the instructions to which exception was taken is subject to the same criticism.   It was given on the wrong issue.   It was suggested, on the argument, as to this instruction, that perhaps it was properly applicable to the measure of damages, because the injury in a legal

sense was complete when the collision took place, and what happened afterwards, although in continued sequence, was merely an aggravation of the original damage, and should not have been dealt with under the head of negligence. It was further suggested that the case, in this aspect of it, bore some resemblance to, if not governed by, *Blaylock v. R. R.*, decided at this term. Whether this be so or not, we need not consider, as there was error in the charge upon the first issue, for which the judgment must be reversed. It makes no difference how often a case has been tried, if there is error it must be sent back to another jury until it is so tried, at last, as to be free from error.

We are convinced that there was substantial error, and the verdict may have been, and probably was, the result of it.

New trial.