SADIE A. HUDSON, ADMINISTRATRIX OF WILLIAM HUDSON, DECEASED, v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 16 September, 1925.)

**Negligence — Last Clear Chance — Pleadings — Evidence — Burden of Proof—Railroads.**

In an action against a railroad company to recover damages for the negligent killing of plaintiff's intestate, a trespasser, wherein from the pleadings and evidence the issue of the last clear chance arises, the burden of proof of the issue shifts back to the plaintiff in the action.

APPEAL by defendant from *Cranmer, J.,* at February Term, 1925, of BEAUFORT.

This is an action to recover damages for death of plaintiff's intestate, alleged to have been caused by the negligence of defendant. The issues were answered by the jury as follows:

1. Was plaintiff's intestate killed by the negligence of defendant, as alleged? Answer: Yes.

2. If so, did plaintiff's intestate by his own negligence contribute to the said death? Answer: Yes.

3. If so, could the defendant, notwithstanding the contributory negligence of the deceased, by the exercise of reasonable prudence and proper care, have avoided killing the deceased? Answer: Yes.

4. If so, what damages, if any, is the plaintiff entitled to recover? Answer: $480.

From judgment on this verdict, defendant appealed.

*Ward & Grimes for plaintiff.*
*Small, MacLean & Rodman for defendant.*

CONNOR, J. The jury having answered the first and second issues in the affirmative, plaintiff was not entitled to recover of defendant damages for the death of her intestate, unless, upon the evidence, she could invoke, successfully, the principle of law, upon which the doctrine of the "last clear chance" is founded. Although the death of plaintiff's intestate was caused by the negligence of defendant, the right to recover damages was barred by the contributory negligence of the deceased unless, notwithstanding such contributory negligence, defendant could, by exercise of proper care, have avoided the injury. Such contributory negligence was relied upon by defendant as a defense to plaintiff's action to recover damages by reason of the negligence of defendant; it was set up in the answer of the defendant, and, as appears by the answer of the jury to the second issue, was proved on the trial, C. S., 523. Plaintiff's intestate was not an employee of defendant railroad company, C. S., 3467; he was struck by defendant's train while on its track at its intersection by a farm road. Plaintiff, to repel the bar to her recovery on account of the contributory negligence of her intestate, relied upon the doctrine of the "last clear chance," contending that the jury should answer the third issue "Yes." Upon this issue the court charged as follows:

"So, gentlemen, we are considering, now, the third issue: 'If so (that is—if plaintiff's intestate was guilty of contributory negligence), could the defendant, notwithstanding the contributory negligence of the deceased, by the exercise of reasonable prudence and proper care, have

avoided killing the deceased.' The burden of the issue, gentlemen of the jury, is upon the defendant to satisfy you by the greater weight of the evidence. This involves the doctrine of what the law calls the last clear chance,—that the defendant, as plaintiff contends in this action, had the last clear chance to avoid the injury resulting in the death of plaintiff's intestate, Mr. William Hudson. Now, as I have stated to you, the burden of the issue is upon the defendant to satisfy you by the greater weight of the evidence."

Defendant excepted to this instruction and assigns same as error.

The late *Chief Justice Clark,* in his concurring opinion in *Horne v. R. R.,* 170 N. C., at page 653, says: "The decisions are uniform that in cases of injury to a trespasser on the track, there should be a third issue submitted: 'whether, notwithstanding the contributory negligence of the plaintiff, the defendant could with reasonable care have avoided the injury'; and that the burden of this issue is upon the defendant."

It was stated upon the argument of the appeal in this Court that the judge presiding at the trial cited and relied upon this statement as authority for his instruction. We are unable to reconcile this statement, as to the burden of proof upon the issue as to the "last clear chance," with the law as declared by this Court in its opinion, written by *Douglas, J.,* in *Cox v. R. R.,* 123 N. C., 604. It is there said:

"It would almost seem needless to repeat what we have so often said, that the burden of proving negligence rests upon the plaintiff, while the onus of showing contributory negligence rests upon the defendant. In both cases, this must be shown by a greater weight of the evidence and of this relative weight the jury alone can determine. A negative presumption necessarily accompanies the burden and remains until the burden is lifted or shifted by direct admissions or a preponderance of proof. Each issue bears its own burden, and it rarely happens that the burden of all the issues rests upon the same party. In cases of negligence, like the present, it changes with each successive step, it being necessary for the plaintiff to prove the negligence of the defendant, the defendant the contributory negligence of the plaintiff, and again for the plaintiff to show the last clear chance of the defendant, if that issue becomes material."

*Cox v. R. R., supra,* has been frequently cited in opinions of this Court as authority for propositions of law declared therein. See Clark's Anno. Ed. It is cited with approval in the opinion of the Court written by *Walker, J.,* in *Lea v. Utilities Co.,* 178 N. C., 509, who says:

"The burden was upon the plaintiff to satisfy the jury upon the first issue that the defendant was negligent and that its negligence was the proximate cause of the injury to him. This was his only burden. When

he had established the defendant's negligence as the proximate cause of his injuries, the burden then shifted to the defendant and it was required to prove, under the second issue, the plaintiff's contributory negligence. When it has done that, the burden again shifts, but this time to the plaintiff, and he must show, under the third issue, that notwithstanding the plaintiff's negligence, the defendant could, by the exercise of ordinary care, have prevented the injury to him." This, and not the statement found in the concurring opinion cited, is the "last clear statement" by this Court of the law as to the burden of proof upon the issue as to the "last clear chance." There was no dissent to the opinion of the Court in *Lea v. Utilities Company, supra*. We find no opinions of this Court, in which the statement of the *Chief Justice* that the decisions of this Court are uniform that the burden of proof is on the defendant upon the third issue, is sustained. All the decisions are to the contrary. *Hill v. R. R.,* 169 N. C., 740; *Brown v. R. R.,* 172 N. C., 604; *Smith v. Electric R. R.,* 173 N. C., 489; *Lea v. Utilities Co.,* 178 N. C., 509. The statement of the *Chief Justice* was manifestly an inadvertence. It is not an authority sustaining the instruction which defendant assigns as error.

Nor can the instruction be sustained on general principles. The plaintiff asserted the affirmative of the issue, and therefore assumed the burden; *Speas v. Bank,* 188 N. C., 524; *Hunt v. Eure,* 189 N. C., 483, 20 R. C. L., 138. "In order to invoke the 'last clear chance' doctrine, plaintiff must plead and prove that the defendant, after perceiving the danger, and in time to avoid it, negligently refused to do so." 11 C. J., 282.

It is needless to pass upon or discuss the other assignments of error. For the error in the instruction that the burden of proof was upon the defendant there must be a

New trial.