NICK COLLAS v. TOMMY J. REGAN (MINOR), BY HIS GUARDIAN AD LITEM, C. E. REGAN.

(Filed 4 June, 1954.)

**1. Negligence §§ 10, 16—**

The last clear chance or discovered peril doctrine must be pleaded by a plaintiff in order to be available as a basis for recovery.

**2. Pleadings § 24—**

A plaintiff can recover only on the case made by his pleadings.

**3. Negligence § 10—**

The doctrine of last clear chance does not apply when there is no evidence indicating that defendant might have avoided the injury by using proper care after his discovery of plaintiff's peril.

APPEAL by plaintiff from *Sharp, Special Judge,* at February Special Term, 1954, of ORANGE.

An automobile operated by the infant defendant Tommy J. Regan struck and injured the plaintiff Nick Collas while he was walking across a street in Chapel Hill. The plaintiff sued the infant defendant for resultant damages. These issues arose upon the pleadings and were submitted to the jury: (1) Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? (2) Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? (3) What amount of damages, if any, is the plaintiff entitled to recover of the defendant? The jury answered the first issue "yes" and the second issue "yes," and left the third issue unanswered. The presiding judge entered judgment for defendant, and the plaintiff appealed, assigning errors.

*John T. Manning for plaintiff.*
*Bonner D. Sawyer for defendant.*

ERVIN, J. Counsel for the plaintiff concedes with his customary candor that his client's pleadings do not invoke the last clear chance or discovered peril doctrine, and that in consequence his client is not entitled to prevail on this appeal unless we overrule the decisions holding that the last clear chance or discovered peril doctrine must be pleaded by a plaintiff in order to be available as a basis for recovery. *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833; *Hudson v. R. R.,* 190 N.C. 116, 129 S.E. 146. This we cannot do. These decisions are simply practical applications of the basic rule that a plaintiff can recover only on the case made by his pleadings. The plaintiff's legal plight would be no better, however, had his pleadings invoked the doctrine under discussion. This is true because there is no evidence indicating that the infant defendant might have averted the injury by using proper care after his discovery of the plaintiff's peril. *Wade v. Sausage Co.,* 239 N.C. 524, 80 S.E. 2d 150.

No error.