WESLEY C. GUNTER v. WILLIAM R. WINDERS, GUARDIAN AD LITEM FOR BILLY RAY ALLEN, ORAN J. COTTLE, HORACE JUNIOR EFRID, AND MILLER MOTOR EXPRESS, INC.

(Filed 12 January, 1962.)

1. Negligence § 10—

The doctrine of last clear chance is predicated upon a new act of negligence in failing to avoid danger after the negligence of plaintiff and the contributory negligence of defendant have canceled each other, and the doctrine may not be predicated upon the original negligence of the defendant.

2. Pleadings § 29—

Allegation alone cannot raise an issue for the determination of the jury, it being required that there be both allegation and proof.

3. Automobiles § 45—

Evidence that plaintiff, confronted with an oncoming vehicle while attempting to pass a line of traffic, cut in between two of the vehicles in the line of traffic and in doing so lost control, crossed to the right shoulder, then cut back to the left, at which time the truck driven by defendant struck the rear of his vehicle, causing it to veer again to the left and into the path of the oncoming vehicle, *is held* not to raise the issue of last clear chance, since an act cannot be relied on both as constituting negligence and as constituting the basis for the doctrine of last clear chance.

APPEAL by plaintiff from *Williams, J.,* May 1961 Civil Term, DURHAM Superior Court.

Civil action to recover for personal injury and property damages alleged to have been caused by the actionable negligence of the de-

fendants. The pleadings are as summarized on the former appeal reported in 253 N.C. 782, 117 S.E. 2d 787.

The pleadings raise issues of: (1) defendants' negligence, (2) plaintiff's contributory negligence, (3) defendants' last clear chance to avoid the accident after discovering the plaintiff's perilous position.

The evidence disclosed the accident occurred "a little before dark" on November 30, 1958, near the Durham-Orange County line on Route 70. The defendant Allen, driving the defendant Cottle's truck, was proceeding west. Immediately in front was another truck owned by Cottle and driven by one Strickland, also proceeding west. The Cottle trucks were in the rear of a line of vehicles, all proceeding in the same direction. The front vehicle in their traffic lane slowed down to make a left turn. The following vehicles in order began to reduce speed. At this time the plaintiff, driving his 1950 Ford, passed the truck driven by Allen but as he attempted to pass the truck driven by Strickland, the truck of Miller Motor Express, driven by Efrid, confronted him. The plaintiff attempted to cut to the right and get in line between the Cottle trucks. In doing so he lost control, crossed to the right shoulder, then cut back to the left, at which time the truck driven by Allen struck the rear of the Ford, causing it to veer again to the left where it collided with the east-bound truck of Miller Motor Express being driven by Horace Junior Efrid. In the collision the plaintiff was injured.

At the conclusion of the evidence the court entered judgment of nonsuit against Miller Motor Express and Horace Junior Efrid. From that judgment there was no appeal.

The court, without objection, tendered issues of negligence, contributory negligence, and damages. The jury found the defendants negligent and the plaintiff contributorily negligent. From the judgment dismissing the action, the plaintiff appealed.

*Daniel K. Edwards for plaintiff appellant.*

*Bryant, Lipton, Strayhorn & Bryant, By Victor S. Bryant, Jr., for defendants William R. Winders, Guardian Ad Litem for Billy Ray Allen, and Oran J. Cottle, appellees.*

HIGGINS, J.  The plaintiff assigns as error the failure of the court (1) to submit an issue of last clear chance and (2) to charge correctly with respect to the causal relationship between the plaintiff's contributory negligence and his own injury. Actually the two propositions involve the same legal concept of liability — the proximate cause of the injury.

The last clear chance doctrine is applicable when, notwithstanding the defendant's prior negligence and the plaintiff's contributory negligence, the defendant by the exercise of due care is afforded an opportunity to avoid the injury and negligently fails to take advantage of that opportunity. "Liability under the last clear chance, or discovered peril doctrine, is predicated not on any original negligence of the defendant but upon his opportunity to avoid the injury after discovering the perilous position in which another has placed himself. Defendant's liability is based upon a new act of negligence arising after negligence and contributory negligence have canceled each other. . . . Liability on the new act arises after the defendant has had sufficient opportunity in the exercise of due care to discover and appreciate the plaintiff's perilous position in time to avoid injuring him." *Barnes v. Horney,* 247 N.C. 495, 101 S.E. 2d 315, citing many cases.

The plaintiff pleaded last clear chance. However, the evidence was insufficient to permit any inference favorable to the plaintiff on that issue. The evidence discloses the negligence and contributory negligence were active in their harmful effects and continued to the accident and injury. To justify the submission of an issue it must not only arise on the pleadings, but it must be supported by competent evidence. *Cathey v. Shope,* 238 N.C. 345, 78 S.E. 2d 135. The exceptions to the charge and to the failure of the court to submit an issue on last clear chance are without merit. The record presents

No error.