FRANK FULTON PHILLIPS, Administrator of WILLIAM WAYNE PHIL-
LIPS, deceased v. NORTH CAROLINA RAILROAD COMPANY and
SOUTHERN RAILWAY COMPANY.

(Filed 23 May 1962.)

**1. Negligence § 16—**

A child between the ages of 7 and 14 years is not held to the same
degree of care for his own safety as an adult and is rebuttably presumed
incapable of contributory negligence, with the burden upon defendant
to prove by the greater weight of evidence that such child failed to exer-
cise that degree of care for his own safety as would ordinarily be
exercised by a child of the same age, capacity, discretion, knowledge, and
experience under the same or similar circumstances.

**2. Negligence § 28— Charge of contributory negligence of 13 year old
boy held without error when construed as a whole.**

In charging upon the question of contributory negligence of a 13-year
old boy, the court instructed the jury to the effect that there is no basic
difference between negligence on the part of defendant and negligence
on the part of plaintiff and that the same rule of due care required of a
defendant was likewise required of a person charged with contributory
negligence, and then gave a correct instruction upon the question of
contributory negligence of a child between 7 and 14 years of age. *Held:*
The charge will not be held for error because the first two principles were
applicable to contributory negligence generally without regard to the age
of the defendant, since the charge, construed as a whole, was not in-
consistent and leaves no reasonable cause to believe that the jury was
misled or misinformed.

**3. Trial § 33—**

It is not required that every clause and sentence of the trial court's
instructions express the law applicable to the facts in the case when
considered out of context, it being required only that the charge when
construed as a whole should explain to the jury the law applicable to such
facts so that there is no reasonable ground to believe that the jury was
misled or misinformed.

**4. Appeal and Error § 19—**

An assignment of error must present the question relied on without the
necessity of going beyond the assignment itself. Rule of Practice in the
Supreme Court No. 19(3).

**5. Negligence § 10—**

The doctrine of last clear chance applies in those instances in which
the plaintiff or plaintiff's intestate has placed himself in a position of
peril, and defendant knows, or by the exercise of reasonable care should
have discovered, such perilous position in time to have avoided the in-
jury or death, and negligently fails to use the available time and means
to avoid such injury or death, and the charge of the court in this case
upon the doctrine *is held* without prejudicial error.

APPEAL by plaintiff from *Walker, S.J.,* November 1961 Term of CABARRUS.

Action for wrongful death of a thirteen-year-old boy allegedly caused by negligence of Southern Railway Company, which operates trains in and through the town of Kannapolis on and over tracks leased by it from North Carolina Railroad Company, the owner.

Defendants deny negligence, and plead contributory negligence of plaintiff's intestate.

The main line of the Southern Railway Company, consisting of two tracks, passes through the town of Kannapolis with a population of over twenty thousand in a northerly and southerly direction, dividing it, from a population point of view, about equally. The east track is for north-bound traffic, the west track for south-bound. About noon on 30 January 1953 Southern Railway Company stopped its freight train, consisting of 146 cars and over a mile long, in the town of Kannapolis on its north-bound track to set off two cars, which blocked all crossings, both vehicular and pedestrian, in the main part of the town for more than a mile. At this place the tracks are straight. To set off these cars required about 15 minutes.

On this day plaintiff's intestate, William Wayne Phillips, a very intelligent child, who went to school regularly, made good grades and was thirteen years ten months old, was present as a student in Cannon Junior High School which is east of the railroad tracks. At the school's lunch hour plaintiff's intestate with Larry Sloan and other children left the school to go to a cafe across the tracks for lunch. They went up Second Street, crossed North Ridge Avenue, and traveled along a path that crossed the railroad tracks. Upon arrival at the tracks the freight train was blocking their way. Some of the children crossed through, under, and over the train.

Steve Fowler, a high school boy, testified for plaintiff:

"I crossed through the couplings and Wayne climbed the inside steps on the boxcar. As I was in the middle the train jerked and I jumped off on the other side and a passenger train came down on the other side and I stepped back on the other train, the slow moving train, and jumped down on the other side. As I jumped off, I noticed Wayne was lying on his back and the first wheel ran over him."

Jackie E. Poston, a high school boy, testified for plaintiff:

"When I first saw Wayne Phillips he was standing on top of the train. He was walking north on top of the train. As he stepped toward where the train joined together at the top of the train,

a chain reaction of the cars threw him into the middle of the cars and down on the track."

Larry Sloan, a high school boy and close friend of Wayne Phillips, testified for defendants:

"We went down the path and the train was standing there. We started to crawl through the coupling. Just as we were going to the coupling, a train came by on the other set of tracks south and we couldn't get through. We decided to wait and went up on top of the boxcar. Instead of going on through we went on top of the boxcar. I don't know how long we stayed up there. Wayne was on top of the boxcar with me. We were both up there. The train we were on started before the other train passed. The train we were on did not start before the other train started by. When the train started that we were on it just jerked and I don't really know what happened. It just jerked and we fell."

After the railway had set off the two cars, the engineer gave two blows, indicating a go-ahead signal, and started the train. He testified, "I knew the passenger train would drown out the signal." The conductor was in the caboose a mile behind the engine. The train started in its usual manner.

Before Wayne Phillips was pulled out from under the train, eight or nine cars had run over him, and he was dead.

It was well known to the local agent of Southern Railway Company and the general public that school children and adults using this path crossed trains blocking this path and standing still, as these children did on this occasion.

The jury answered the issue of negligence, Yes, the issue of contributory negligence, Yes, the issue of last clear chance, No, and the issues of damages, None.

From a judgment that plaintiff recover nothing from defendants, he appeals.

*W. H. Beckerdite and E. T. Bost, Jr., for plaintiff appellant.*
*Hartsell, Hartsell & Mills, By William L. Mills, Jr. and W. T. Joyner, for defendant appellees.*

PARKER, J.   All of plaintiff's assignments of error are to the charge of the court to the jury; he has none to the evidence.

Assignment of error number one relates to the charge on the second

issue, contributory negligence. On that issue the court correctly placed the burden of proof on defendants, and charged as follows:

"(Now, inasmuch as the issue is submitted to you on contributory negligence, the Court will have to define contributory negligence and very briefly it is this; there is no basic difference between negligence on the part of the defendant and negligence on the part of a plaintiff, or a plaintiff's intestate, except ordinarily we refer to negligence on the part of the plaintiff or plaintiff's intestate as contributory negligence.)

"(The same rule of due care which is required of a defendant is likewise required of a plaintiff or in this case the plaintiff's intestate, and the test as to the plaintiff's intestate's conduct in this case will be whether or not he exercised due care for his own safety, and if he failed whether such failure concurred and cooperated with any actionable negligence, if you find there is actionable negligence on the part of the defendant, as a proximate cause or one of the proximate causes of his injury.)

"Now, as to this second issue, Ladies and Gentlemen of the jury, the Court charges you that the law of North Carolina is to this effect. There has been evidence uncontradicted in this case that the plaintiff's intestate was some thirteen years and eight or nine months of age. The law of North Carolina is as follows: There is a prima facie presumption in this state that a child between the age of seven and fourteen years is incapable of contributory negligence, but this presumption may be overcome. Now, what do we mean by prima facie presumption? It merely means that that is enough to carry it to the jury on that presumption alone, but the law also says that this presumption may be overcome by evidence. The test which you will use in arriving at your answer to the second issue, if you reach the second issue, is this: it is up to you to determine from the evidence you have heard, and the law that the Court has given you about the prima facie presumption, as to whether or not on the 30th day of January, 1953, William Wayne Phillips acted as a child of his age, of his capacity, of his knowledge, of his intelligence, of his discretion, and of his experience would have acted under similar circumstances."

Plaintiff excepts to the parts of the charge above in parentheses, and assigns them as error.

Plaintiff's contentions in his brief are: The court in the parts of the charge challenged as set forth above in parentheses made no distinction between the rule applicable to negligence in respect to a boy

under fourteen years of age, and the rule applicable to negligence on the part of defendant railroad companies or of an adult person. While the court immediately after the challenged parts of the charge instructed the jury in respect to the *prima facie* presumption that a child between the ages of seven and fourteen years is incapable of contributory negligence, this part of the charge is inconsistent and in conflict with the challenged parts of the charge on a vital point of the case. That this entitles him to a new trial.

In our opinion such contentions are untenable. Under our decisions an infant between the ages of seven and fourteen years charged with contributory negligence is not held to the same degree of care for his own safety as an adult person so charged. *Caudle v. R. R.*, 202 N.C. 404, 163 S.E. 122; *Walston v. Greene*, 247 N.C. 693, 102 S.E. 2d 124; *Rolin v. Tobacco Co.*, 141 N.C. 300, 53 S.E. 891. See Annotation 107 A.L.R. p. 7—Standard of care required of children. The court in its charge immediately after the challenged part of it instructed the jury, in substantial compliance with our decisions above cited, in respect to the standard of care by which to measure the conduct of William Wayne Phillips, a thirteen-year-old child, as regards the question of contributory negligence on his part. Reading this charge on contributory negligence as a whole and not in detached fragments, *Keener v. Beal*, 246 N.C. 247, 98 S.E. 2d 19, it seems to us and we so hold, that there is no inconsistency or conflict in it, that the jury must have understood from the charge that the child here was not required by law to exercise the degree of care for his own safety as required of an adult, but that the standard by which to measure his conduct, as regards contributory negligence, is that ordinarily exercised by children of the same age, capacity, discretion, knowledge and experience, under the same or similar circumstances, and further, that there is no reasonable cause to believe that the jury was misled or misinformed in respect thereto. To require a trial judge "to state every clause and sentence so precisely that even when lifted out of context it expresses the law applicable to the facts in the cause on trial with such exactitude and nicety that it may be held, in and of itself, a correct application of the law of the case would exact of the *nisi prius* judges a task impossible of performance." *Vincent v. Woody*, 238 N.C. 118, 76 S.E. 2d 356. Plaintiff's assignment of error number one is overruled.

Plaintiff's assignments of error numbers two and three are that the court failed to comply with the provisions of G.S. 1-180, in respect to the third issue, last clear chance, and failed to give equal stress to the contentions of the plaintiff and defendants. These assignments of error do not definitely and clearly present the error relied on, in that they contain no part or parts of the charge, and we must go beyond

these assignments of error on "a voyage of discovery" through the charge to learn what the questions are. This Court said in *Nichols v. McFarland*, 249 N.C. 125, 105 S.E. 2d 294:

"Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 554, 555, as interpreted in the decisions of this Court, require: 'Always the very error relied upon shall be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is.' *State v. Mills*, 244 N.C. 487, 94 S.E. 2d 324; *Allen v. Allen*, 244 N.C. 446, 94 S.E. 2d 325; *Parsons v. Benfield*, 228 N.C. 651, 46 S.E. 2d 829, *Porter v. Lumber Co.*, 164 N.C. 396, 80 S.E. 443; *Thompson v. R. R.*, 147 N.C. 412, 61 S.E. 286. The objectionable assignments in their present form would require the Court to undertake a voyage of discovery through the record to ascertain what the assignments involve. This the Court will not do. *Cecil v. Lumber Co.*, 197 N.C. 81, 147 S.E. 735."

Nevertheless, we have examined the court's charge on the third issue, last clear chance. To submit an issue of last clear chance there must be both *allegata* and *probata. Gunter v. Winders*, 256 N.C. 263, 123 S.E. 2d 475; *Wagoner v. R. R.*, 238 N.C. 162, 77 S.E. 2d 701; *Bailey v. R. R.* and *King v. R. R.*, 223 N.C. 244, 25 S.E. 2d 833. Assuming, but by no means conceding, that plaintiff has both *allegata* and *probata*, the court's charge on this issue was far more favorable to plaintiff than he was entitled to.

The court charged:

"What is the last clear chance doctrine? It is the duty imposed by the humanity of the law upon a party to exercise ordinary care in avoiding injury to another who has negligently placed himself in a situation of danger."

For plaintiff to invoke the last clear chance doctrine he must establish these four elements: One, that his intestate negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; two, that the defendant knew, or by the exercise of reasonable care could have discovered, his intestate's perilous position and his incapacity to escape from it before he was injured and killed by defendant; three, that defendant had the time and means to avoid injury and death to his endangered intestate by the exercise of reasonable care after it discovered, or should have discovered, his intestate's perilous position and his incapacity to escape from it; and four, that defendant negligently failed to use the avail-

---

---

able time and means to avoid injury and death to his endangered intestate, and for that reason injured and killed him. *Wade v. Sausage Co.*, 239 N.C. 524, 80 S.E. 2d 150, and the numerous cases there cited.

This Court said in *Barnes v. Horney*, 247 N.C. 495, 101 S.E. 2d 315:

> "Liability under the last clear chance, or discovered peril, doctrine is predicated, not on any original negligence of the defendant, but upon his opportunity to avoid injury after discovering the perilous position in which another has placed himself."

Plaintiff's assignments of error numbers two and three are overruled.

The remaining assignments of error, numbers four and five, are formal, and are overruled.

Apparently this was the first time William Wayne Phillips, a fine, intelligent thirteen-year-old boy, crossed a standing train, and this one time resulted in his death: a stark, heart-breaking tragedy. The case was for the jury: it has returned its verdict adverse to plaintiff. In the trial below we find

No error.