EDWARD BELL AND PAULINE W. BELL v. TRADERS AND MECHANICS INSURANCE COMPANY, INC.

No. 7229SC596

(Filed 22 November 1972)

1. Insurance § 128; Rules of Civil Procedure § 8— waiver of limitation period in fire policy — sufficiency of pleading

Plaintiff's reply alleging the affirmative defense of waiver of the 12-month limitation for instituting suit on a fire policy was sufficiently particular to place the court and defendant on notice of the matter intended to be proved as required by G.S. 1A-1, Rule 8(c).

2. Insurance § 128; Principal and Agent § 4— waiver of limitation period in fire policy — statements and actions of local agent — failure to prove scope of authority

In an action on a fire policy wherein the main issue was whether the one-year limitation for instituting suit on the policy had been waived, testimony by defendant's local agent tending to show that the agent had told plaintiff that the claim would be paid and that he had negotiated with plaintiff after the one-year period had expired was erroneously admitted where plaintiff failed to establish that the local agent was acting within the scope of his authority when he made the statement and negotiated with plaintiff.

APPEAL by defendant from *McLean, Judge,* 31 January 1972 Session of Superior Court held in POLK County.

Plaintiff instituted this action on 18 November 1970 to recover on a fire insurance policy issued by defendant, Traders and Mechanics Insurance Company, Inc. The policy, in the face amount of $6,000, covered a dwelling house of the plaintiff which was destroyed by fire on 11 or 12 December 1967. The parties have stipulated that the policy was in full force and effect at the time of the fire.

Plaintiff testified that he reported the fire loss to Robert Adams, manager of Polk Insurance Company, Inc., who had issued the defendant's policy in question. Defendant was informed of the loss by Adams and sent an adjuster, John B. King, to investigate. Plaintiff and King did not agree on the value of the loss, and no payment was made under the policy.

Under the provisions of the policy, no action for recovery on the policy shall be sustained "unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." Plaintiff did not institute an action within the period of one year from the time of loss, but alleged, however, that defendant waived this one year requirement by the statements or actions of its agents. Plaintiff alleged that statements or actions of Robert Adams and John B. King, the adjuster, constituted a waiver of the time limitation provision of the insurance contract. The question of waiver was submitted to the jury which found that the time limitation provision in question had been waived, and returned a verdict in the amount of the maximum coverage of the policy. Defendant appealed.

*Hamrick & Bowen, by Fred D. Hamrick, Jr., and McFarland & Key, by William A. McFarland, for plaintiff.*

*Williams, Morris and Golding, by James F. Blue III for defendant.*

BROCK, Judge.

[1] Defendant assigns as error the court's refusal of his motion to strike certain portions of the plaintiff's reply alleging waiver. Defendant contends plaintiff's reply does not specifically state the facts constituting waiver, and so should be struck as an insufficient defense under Rule 12 (f) of the North Carolina

Rules of Civil Procedure. Rule 8(c) designates waiver as an affirmative defense. The language in Rule 8(a), dealing with general pleading, and that in Rule 8(c), dealing with pleading affirmative defenses, is largely identical: (such pleading shall contain) "a short and plain statement . . . sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved." Under our new Rules of Civil Procedure, the requirements for pleading an affirmative defense are no more stringent than those for pleading a cause of action. Plaintiff's reply in question was sufficiently particular to place the court and defendant on notice of the matter intended to be proved. This assignment of error is overruled.

[2] Defendant makes numerous assignments of error to the admission of evidence. Assignments of error Nos. 10-16 challenge the admissibility of the testimony of Robert Adams, manager of Polk Insurance Company, Inc., which was the local or producing agent for Traders and Mechanics Insurance Company, Inc., in the issuance of the fire insurance policy in question. The testimony, admitted over defendant's objections, was as follows:

"Q. What did you tell Mr. McFarland, if anything, with reference to whether or not the claim would be paid?

"A. I told Mr. McFarland that the claim would be paid; that it was a matter of how much money.

"Q. Now, was the claim still in your office and in negotiation as of the time you left there?

"A. We had sent to Mr. Black in Spartanburg the fire loss claim that was filed. Now, I don't know whether we had a copy of this in Mr. Bell's file or not.

"Q. Were you still talking with Mr. McFarland and Mr. Bell about this claim up until the time you left?

"A. Yes, Sir.

"Q. And that was about a year and a half to two years from this date?

"A. That's right."

This testimony tended to show that Adams had told plaintiff his claim would be paid, and that Adams had negotiated with

plaintiff at a time after the one-year-from-loss period for bringing suit had passed. Both of these statements affected the critical issue of this trial, i.e., whether defendant waived the time limitation provision of the insurance contract through the actions or statements of its agents.

It is a general principle that one who has dealt with an agent or who has availed himself of the act of an agent must, in order to charge the principal, prove the authority under which the agent acted; he has the burden of establishing the agent's authority to bind the principal by the act or contract in controversy. 3 Am. Jur. 2d, Agency, § 348, p. 705. "Thus, the person alleging the agency must prove not only the fact of its existence, but also its nature and extent." 3 Am. Jur. 2d, *supra; accord, Harvel's, Inc. v. Eggleston,* 268 N.C. 388, 150 S.E. 2d 786. Statements of the alleged agent are not competent against the principal as admissions against interest unless the fact of agency and the authority of the agent to bind the principal in the matter are shown by competent evidence. 6 Strong, N. C. Index 2d, Principal & Agent, § 4, p. 406.

Adams testified that he told plaintiff he had no authority to settle the claim. In light of this testimony, plaintiff could not rely on a presumption that Adams was acting within an implied or ostensible authority. It was incumbent on plaintiff to establish Adams' authority to bind the defendant. *See Horton v. Insurance Co.,* 9 N.C. App. 140, 175 S.E. 2d 725. Plaintiff did not meet this burden. The admission of this testimony was error prejudicial to the defendant.

New trial.

Chief Judge MALLARD and Judge BRITT concur.