RICKEY MARTIN VERNON v. GARRY RANDALL CRIST

No. 40

(Filed 31 January 1977)

**1. Negligence § 12; Rules of Civil Procedure § 7— necessity for pleading last clear chance**

When G.S. 1A-1, Rule 7(a) as amended is read in conjunction with G.S. 1A-1, Rule 8(d), it is evident that some pleading alleging last clear chance is necessary if a plaintiff seeks to prove last clear chance at trial because G.S. 1A-1, Rule 8(d) only deems affirmative defenses appearing in the answer as denied or avoided if a responsive pleading is neither required nor permitted, and G.S. 1A-1, Rule 7(a) permits a party to serve a reply alleging last clear chance.

**2. Negligence § 12— pleading last clear chance — reply — complaint**

While the recommended pleading practice is for the plaintiff to file a reply alleging last clear chance, a plaintiff who files no such reply may receive the benefit of the doctrine of last clear chance if the facts alleged in the complaint are sufficient to give rise to the doctrine.

**3. Rules of Civil Procedure § 8— pleading defenses**

G.S. 1A-1, Rule 8(e)(1), which states that no technical forms of pleading are required, and G.S. 1A-1, Rule 8(f), which requires

pleadings to be construed so as to do substantial justice, apply with equal force to statements of claims and statements of defenses.

**4. Automobiles § 43; Negligence § 23— last clear chance — sufficiency of pleading**

In an action to recover for injuries received when defendant drove a car forward while plaintiff was leaning against or sitting on the trunk of the car, plaintiff's complaint was sufficient to raise the issue of last clear chance where it alleged that plaintiff was in a position that he could not properly protect himself; that defendant either saw or in the exercise of reasonable care should have seen that it was necessary for him to take action to avoid injuring the plaintiff; that defendant had ample opportunity to act to avoid injury to plaintiff; that defendant was negligent in failing to act, specifically in failing to warn plaintiff before moving the car forward; and that defendant's negligence was the proximate cause of the accident; and where the allegation that plaintiff's own negligence created his perilous position was supplied by defendant's own answer alleging contributory negligence.

**5. Negligence § 12— last clear chance — burden of proof**

The burden of proof on the issue of last clear chance lies with the plaintiff.

**6. Negligence § 12— last clear chance — prerequisites**

For the doctrine of last clear chance to apply it must appear that after the plaintiff, by his own negligence, had gotten into a position of helpless peril or into a position of peril to which he was inadvertent, the defendant discovered or should have discovered the plaintiff's helpless peril or inadvertence, and thereafter the defendant, having the means and time to avoid the injury, negligently failed to do so.

**7. Automobiles § 86; Negligence § 39— last clear chance — sufficiency of evidence**

In this action to recover for injuries received by plaintiff when defendant drove a car forward while plaintiff was leaning against or sitting on the trunk of the car, causing defendant to fall and strike his head on the trailer hitch of the car or on the pavement, the evidence was sufficient for submission of an issue of last clear chance to the jury where there was evidence tending to show that plaintiff was unaware that defendant had entered the car or that the car had been started; defendant saw plaintiff sitting on the trunk of the car before he started the car and heard a passenger's warning to be careful because plaintiff was on the trunk; defendant waited 15 to 20 seconds after starting the car before driving forward as a joke; and defendant thus had ample time in which to warn plaintiff so as to avoid the accident.

**8. Automobiles § 86; Negligence § 39; Rules of Civil Procedure § 49— failure to request last clear chance issue — no waiver**

Plaintiff did not waive submission of an issue of last clear chance to the jury by his failure to make a formal demand for submission

of the issue before the jury retired as required by G.S. 1A-1, Rule 49(c), where the court had denied plaintiff's request for leave to amend his complaint explicitly to allege last clear chance and plaintiff's request for instructions on last clear chance, since (1) it is obvious that a demand for submission of the issue would have been denied, and plaintiff was not required to perform a vain act in order to preserve his right to have the issue tried by a jury, and (2) Rule 49(c) was designed to prevent otherwise proper trials from being jeopardized through the inadvertent omission of an issue, and omission of the issue of last clear chance does not appear to have been inadvertent.

Justice HUSKINS dissents.

WE allowed petition for discretionary review of the decision of the Court of Appeals, 28 N.C. App. 631, 222 S.E. 2d 445 (1976), which reversed judgment of *Albright, J.* at the 7 April 1975 Session, FORSYTH County Superior Court.

Plaintiff instituted this tort action to recover damages for personal injuries. Plaintiff's evidence tended to show the following:

Late Saturday night, 24 April 1971, plaintiff, defendant and two girls left work together in defendant's car. After getting something to eat, they drove to the home of some other friends. As a prank, they placed bags of leaves and grass on the doorstep of the house, rang the doorbell and drove away. Circling the block once, they parked the car in front of the same house and got out to remove the trash bags and to talk to their friends who had come to the door.

The girls, who had either returned to the car first or never left the car the second time, locked the car doors from the inside as a joke. Plaintiff, returning to the car and finding that the girls would not let him in, went around to the back of the car and leaned against the trunk with his legs and hands crossed.

At about the same time, defendant came back to the car and with some difficulty entered the car and took the driver's seat. Once inside, one of the girls warned the defendant to be careful because the plaintiff was on the trunk. Defendant saw the plaintiff through the rearview mirror and decided, as a joke, to start the car and drive a short distance before letting the plaintiff off the trunk and into the car. No one in the car, including the defendant, warned the plaintiff that the car was about to be started and moved.

Plaintiff was unaware that defendant had successfully entered the car because he was facing in the opposite direction and he was not expecting the car to move. The last thing plaintiff could remember, the car started and, while he was uncrossing his legs to right his position, the car pulled away causing him to fall backwards and strike his head on the trailer hitch or the pavement. At the time of these events, plaintiff was 17 years of age, 6 feet 2½ inches tall, and weighed approximately 280 pounds. Medical testimony indicated the plaintiff suffered a skull fracture.

Defendant's evidence tended to show the following:

Plaintiff was sitting on the trunk of the car. Defendant started the car, released the emergency brake, and waited 15 to 20 seconds before putting the car in forward gear. During this time, he checked in the mirror to make sure the plaintiff would not fall off. He then drove the car approximately 100 feet at 5 miles per hour. After the car had traveled about 25 feet, the plaintiff either jumped or fell from the car and received the head injury. Defendant testified that he believed the plaintiff had enough time to get off the trunk after the motor was started and before the car was driven forward.

The case was submitted to the jury on three issues. The jury found the defendant negligent, the plaintiff contributorily negligent and did not answer the damages issue. Based on this verdict, the court entered judgment that the plaintiff recover nothing on his claim against the defendant. The Court of Appeals reversed and granted a new trial.

Other facts necessary to the decision will be related in the opinion.

*White & Crumpler by Michael J. Lewis for plaintiff appellee.*

*Hudson, Petree, Stockton, Stockton & Robinson by P. M. Stockton, Jr., James H. Kelly, Jr., and W. Thompson Comerford, Jr. for defendant appellant.*

COPELAND, Justice.

This appeal presents several issues for our determination all related to the question of whether the trial court should have allowed the issue of last clear chance to be submitted to the jury.

Prior to the effective date of the Rules of Civil Procedure, 1 January 1970, our Court had repeatedly said that in order to submit an issue of last clear chance there must be both *allegata* and *probata*. *Exum v. Boyles,* 272 N.C. 567, 158 S.E. 2d 845 (1968) ; *Wooten v. Cagle,* 268 N.C. 366, 150 S.E. 2d 738 (1966) ; *Phillips v. R. R.,* 257 N.C. 239, 125 S.E. 2d 603 (1962) ; *Gunter v. Winders,* 256 N.C. 263, 123 S.E. 2d 475 (1962) ; *Collas v. Regan,* 240 N.C. 472, 82 S.E. 2d 215 (1954) ; *Wagoner v. R. R.,* 238 N.C. 162, 77 S.E. 2d 701 (1953) ; *Bailey v. R. R.* and *King v. R.R.,* 223 N.C. 244, 25 S.E. 2d 833 (1943) ; *Hudson v. R.R.,* 190 N.C. 116, 129 S.E. 146 (1925). Whether a pleading is necessary under the new rules for the issue to be submitted has not been analyzed.

Last clear chance is a plea in avoidance to the affirmative defense of contributory negligence and thus logically is pleaded in a reply to an answer alleging contributory negligence. *Exum v. Boyles, supra.* The better pleading practice dictates that a plaintiff should not anticipate a defense and undertake to avoid it in his complaint. *See Exum, supra.* When a reply is not a required pleading, as it appears at first glance is true under G.S. 1A-1, Rule 7(a), the question arises as to whether the avoidance must be pleaded in order to present proof at trial and to have the issue decided by the jury.

The North Carolina Rules of Civil Procedure are in most instances verbatim copies of the Federal Rules of Civil Procedure, *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970), and originally, Rule 7(a), outlining the permissible and required pleadings, was no exception. The rule required a reply only to a "counterclaim denominated as such" and provided that, in other cases, a reply was not allowed except that a court could, in its discretion, order a reply. G.S. 1A-1, Rule 7(a) (1969), as amended, (Cum. Supp. 1975).

The better reasoned Federal cases and leading commentators construing Federal Rules 7(a) and 8(d) (also enacted in North Carolina verbatim) concluded that where a reply was not required, the allegations of the answer were deemed denied or avoided and thus a plaintiff could meet the allegations at trial in any manner that would have been proper had a reply been allowed. *Crain v. Blue Grass Stockyards Co.,* 399 F. 2d 868 (6th Cir. 1968) ; *Neeff v. Emery Transp. Co.,* 284 F. 2d 432 (2d Cir. 1960) ; *Traylor v. Black, Sivalls & Bryson, Inc.,* 189 F. 2d 213 (8th Cir. 1951) ; *Cowling v. Deep Vein Coal Co.,* 183 F. 2d 652

(7th Cir. 1950) ; *First Presbyterian Church of Santa Barbara, Cal. v. Rabbitt,* 118 F. 2d 732 (9th Cir. 1940) ; 2A Moore's Federal Practice § 8.29 (2d ed. 1975) ; 5 Wright & Miller, Federal Practice and Procedure § 1279 (1969). A recent case on point held that a plaintiff was not required to plead last clear chance under the Federal Rules of Civil Procedure in order to take advantage of the doctrine. *Kline v. McCorkle,* 330 F. Supp. 1089 (E.D. Va. 1971) (Hoffman, C.J.).

Nevertheless, even after the effective date of the new civil procedure rules in North Carolina, plaintiffs continued to petition trial judges for permission to file a reply alleging last clear chance. *See* Explanation of General Statutes Commission of Senate Bill 569 as Amended by House Judiciary II (1971 Sess.) [hereinafter cited as *Explanation of S.B. 569*]. These plaintiffs apparently relied on the older North Carolina cases which required, albeit arguably in dicta, the doctrine to be pleaded in order for the issue to be submitted to the jury. *Exum, supra; Wooten, supra; Phillips, supra; Gunter, supra; Collas, supra; Wagoner, supra; Bailey, supra; Hudson, supra.* Those earlier cases had failed to mention two code pleading provisions almost identical in language to Rule 7(a) and Rule 8(d) which ostensibly would have allowed proof of last clear chance and submission of the issue to the jury without the filing of a responsible pleading. G.S. 1-141, -159 (repealed effective 1 January 1970) ; *see Barnhardt v. Smith,* 86 N.C. 473 (1882).

The inconvenience of having to secure permission from the court to file under the new rules what was perceived to be a necessary pleading led the General Statutes Commission to recommend an amendment to Rule 7(a) to allow plaintiffs to file a reply alleging last clear chance. *See Explanation of S.B. 569, supra.* Rule 7(a) now provides in relevant part:

> "There shall be a complaint and an answer, a reply to a counterclaim denominated as such. . . . If the answer alleges contributory negligence, a party *may* serve a reply alleging last clear chance. No other pleading shall be allowed except that the court may order a reply to an answer . . . " (Emphasis added.) G.S. 1A-1, Rule 7(a) (Cum. Supp. 1975), amending, (1969).

[1] The words "may serve a reply" in Rule 7(a) could be misleading if a plaintiff construed the "may" as permissive and

the failure to file a reply as not foreclosing any rights. When Rule 7(a) as amended is read in conjunction with Rule 8(d), it is evident that some pleading alleging last clear chance is necessary if a plaintiff seeks to prove the avoidance at trial because Rule 8(d) only deems affirmative defenses appearing in the answer as denied or avoided if a responsive pleading is neither required nor *permitted.*

**[2]** Plaintiff in this case opted not to file a reply. While the recommended pleading practice is for the plaintiff to file a reply alleging last clear chance, it is not the exclusive pleading alternative. In *Exum v. Boyles, supra* at 579, 158 S.E. 2d at 855, Justice Lake speaking for our Court said:

> "It would be exceedingly technical to hold that, though the complaint . . . alleged facts giving rise to the doctrine of the last clear chance, the plaintiff may not receive the benefit of the doctrine . . . merely because . . . facts were alleged in the complaint rather than in a reply."

Examining plaintiff's complaint, we do not find the words "last clear chance." This omission, however, is not fatal. "While the plaintiff must plead the facts making the doctrine applicable in order to rely upon it, it is not required that he plead the doctrine by its generally accepted name." *Exum v. Boyles, supra* at 578, 158 S.E. 2d at 854. The complaint does reveal the following allegations:

> "3. That at all times herein complained of the defendant was negligent in the following manner, among others:
>
> \*     \*     \*
>
> "c. That although he had ample opportunity to do so and although he saw, or in the exercise of reasonable diligence should have seen, that the plaintiff was standing and leaning against the rear of the automobile, that it was necessary for him to take action to avoid injuring the plaintiff, nevertheless took no action whatsoever to avoid injuring the plaintiff.
>
> \*     \*     \*
>
> "i. That the defendant was standing in close proximity to the plaintiff and saw, or should have seen, that the plaintiff was in a position where he could not properly protect himself but nevertheless proceeded to get into the car without any warning whatsoever to the plaintiff and

started the car forward causing the plaintiff to fall and injure himself as set out herein.

"4. That the negligence of the defendant as herein alleged in starting the automobile forward without warning the plaintiff was the sole and only proximate cause of the accident complained of and injury to the plaintiff."

[3] Rule 8(b) provides that "[a] party shall state in short and plain terms his defenses to each claim asserted." This language is nearly identical to the language of Rule 8(a) governing the pleading of a claim for relief. Rule 8(e)(1) which states that no technical forms of pleading are required and Rule 8(f) which requires pleadings to be construed so as to do substantial justice apply with equal force to statements of claims and defenses. The requirements for pleading a defense are no more stringent than the requirements for pleading a claim for relief. *Bell v. Insurance Co.*, 16 N.C. App. 591, 192 S.E. 2d 711 (1972).

In *Sutton v. Duke, supra* at 104, 176 S.E. 2d at 167, this Court, speaking through Justice Sharp (now Chief Justice), said:

"A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial." *Accord Rose v. Motor Sales*, 288 N.C. 53, 215 S.E. 2d 573 (1975).

[4] Although plaintiff's complaint was less than artfully drawn and, as admitted by counsel, no model pleading, we believe it met the minimum requirements of notice pleading. The complaint alleges that the plaintiff was in a position that he could not properly protect himself; that the defendant either saw or in the exercise of reasonable care should have seen that it was necessary for him to take action to avoid injuring the plaintiff; that the defendant had ample opportunity to act to avoid injury to the plaintiff; that defendant was negligent in failing to act, specifically in failing to warn the plaintiff before moving the car forward; and that defendant's negligence was the proximate cause of the accident. If an element of last clear chance was lacking, it was the allegation that plaintiff's own

negligence created his perilous position. That element was supplied by defendant's own answer alleging contributory negligence. *See Nathan v. R. R.*, 118 N.C. 1066, 24 S.E. 511 (1896). In his answer defendant alleged:

> "Prior to the accident complained of, the plaintiff had voluntarily and knowingly placed himself in a place of danger on the trunk of the defendant's vehicle or in immediate and close proximity to the trunk of the defendant's vehicle and remained there when the accident occurred, voluntarily subjecting himself to danger and to any injury which might occur. The plaintiff failed to keep a proper lookout; failed to take proper care under the circumstances; placed himself in a position of known peril; remained in that position in spite of all the facts and circumstances involved; and the plaintiff was thereby guilty of such contributory negligence. . . . "

Because of our resolution of this pleading issue, we do not reach the issue of whether the trial court abused its discretion under Rule 15(a) in denying plaintiff's motions for leave to amend the complaint to specifically allege last clear chance or the issue of whether last clear chance was tried by the implied consent of the parties under Rule 15(b). We do note, however, that leave to amend should be "freely given when justice so requires" and that the burden is on the party objecting to the amendment to show that he would be prejudiced thereby. G.S. 1A-1, Rule 15(a) and (b); *see Mangum v. Surles*, 281 N.C. 91, 187 S.E. 2d 697 (1972); *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721 (1972).

[5] We next consider the question of the sufficiency of plaintiff's proof of last clear chance. The burden of proof on this issue lies with the plaintiff. *Exum v. Boyles, supra; Hudson v. R. R., supra.* The last clear chance or discovered peril doctrine applies "if and when it is made to appear that the defendant discovered, or by the exercise of reasonable care should have discovered, the perilous position of the party injured or killed and could have avoided the injury, but failed to do so." *Earle v. Wyrick*, 286 N.C. 175, 178, 209 S.E. 2d 469, 470 (1974).

In this jurisdiction last clear chance is "but an application of the doctrine of proximate cause." *Exum, supra* at 578, 158 S.E. 2d at 854. If defendant had the last clear chance to avoid injury to the plaintiff and failed to exercise it, then his negli-

gence, and not the contributory negligence of the plaintiff, is the proximate cause of the injury. This interpretation of the doctrine is in keeping with the theory behind the original English "Fettered Ass Case," *Davies v. Mann,* 10 M. & W. 547, 152 Eng. Rep. 588. "The only negligence of the defendant may have occurred after he discovered the perilous position of the plaintiff. Such 'original negligence' of the defendant is sufficient to bring the doctrine of the last clear chance into play if the other elements of that doctrine are proved." *Exum v. Boyles, supra* at 576-77, 158 S.E. 2d at 853.

[6] For the doctrine to apply it must appear "that after the plaintiff had, by his own negligence, gotten into a position of helpless peril (or into a position of peril to which he was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, and, thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so." *Exum v. Boyles, supra* at 576, 158 S.E. 2d at 853. Viewing the evidence in the light most favorable to the plaintiff, we believe there was sufficient evidence of each element of the avoidance to submit this issue to the jury.

[7] Defendant argues that the peril to be avoided was not created until the car actually began moving forward and that there was no evidence presented indicating that he could have stopped the automobile in time to avoid the accident. We believe the peril was created when the car was started and the plaintiff continued to lean against or sit on the car inattentive and unaware that the car would be moving forward. The best evidence that the plaintiff was in a position of inadvertent peril at an earlier stage and that defendant had discovered plaintiff's peril came from a passenger in the car who cautioned defendant "before he started to pull away" to be careful. Defendant admitted that he saw plaintiff sitting on the trunk and that he had heard the passenger's warning.

According to defendant's own testimony, he waited 15 to 20 seconds after starting the car before driving forward. He thus had ample time in which to warn the plaintiff so as to avoid the accident. Instead, defendant decided to drive forward as a joke and to take the risk that the plaintiff would not fall off the car when it moved forward unexpectedly. This is not the care that a reasonably prudent person would have exercised under like circumstances. Under these circumstances, we believe

that a jury could find that defendant's negligence was the proximate cause of the accident and that defendant had the last clear chance to avoid the accident.

**[8]** Plaintiff did not formally demand the submission of the issue of last clear chance before the jury retired as required by G.S. 1A-1, Rule 49 (c). However, the plaintiff had twice requested leave to amend his complaint to explicitly allege last clear chance and had requested and tendered instructions on the doctrine of last clear chance. All of these requests were denied. It is obvious that a demand for submission of the issue would likewise have been denied. Plaintiff was not required to perform a vain act in order to preserve his right to have the issue tried by a jury.

Rule 49 (c) was designed to prevent otherwise proper trials from being jeopardized through the *inadvertent* omission of an issue. *Foods, Inc. v. Super Markets,* 288 N.C. 213, 217 S.E. 2d 566 (1975) ; Comment, G.S. 1A-1, Rule 49 (1969). In this case the omission does not appear to have been inadvertent and thus the case is not a proper one for application of Rule 49 (c)'s sanction.

We hold that the issue of last clear chance should have been submitted to the jury for its determination. The decision of the Court of Appeals is

Affirmed.

Justice HUSKINS dissents.