GLEN FOREST CORPORATION v. MICHAEL B. BENSCH AND WIFE, ELEANOR M. BENSCH

No. 7010SC447

(Filed 21 October 1970)

1. Rules of Civil Procedure § 50— motion for directed verdict — judgment n.o.v.

   Litigant's motion for directed verdict *nunc pro tunc*, which was made *after* the jury had returned its verdict in the case, came too late to preserve its right to move for judgment notwithstanding the verdict; therefore, litigant's purported motion for judgment n.o.v. was properly denied. G.S. 1A-1, Rule 50.

2. Rules of Civil Procedure § 59— order granting a new trial — necessity for statement of grounds

   The trial court was not required to specify the grounds for its order allowing litigant's motion to set aside the verdict and grant a new trial, since the order was not entered on the trial court's own initiative. G.S. 1A-1, Rule 59(d).

3. Rules of Civil Procedure § 59— motion for new trial — discretion of court — review on appeal

   A motion to set aside the verdict and for a new trial is addressed to the sound discretion of the trial judge, whose ruling is not reviewable on appeal in the absence of abuse of discretion.

APPEAL by petitioner and respondents from *Bailey, J.,* 17 April 1970 Civil Session, Superior Court of WAKE County.

This is a proceeding under Chapter 38, General Statutes of North Carolina, to determine a boundary line, instituted by petitioner on 17 June 1968. To the judgment of the Clerk of Superior Court entered 9 July 1970, petitioner excepted and appealed to the Superior Court. The matter was tried in Superior Court by a jury, and the jury returned a verdict establishing as the boundary line the line contended for by respondents. After the coming in of the verdict, petitioner moved the court in writing under Rule 50 that it be permitted *nunc pro tunc* to move for a directed verdict as of the close of all the evidence, stating the grounds for the motion. The court allowed the petitioner to move *nunc pro tunc* for a directed verdict at the close of all the evidence but denied the motion for a directed verdict. Petitioner then filed its motion for a judgment *non obstante veredicto* under Rule 50(b), stating the grounds therefor. This motion was denied. Petitioner then moved in writing, under Rule 59(a)(5) and (7), that the court set aside the verdict and grant

a new trial, stating the grounds for the motion. This motion was allowed. Respondents appeal from the order setting aside the verdict and granting a new trial. Petitioner appeals from the order denying its motion for directed verdict and the order denying its motion for judgment notwithstanding the verdict.

*Basil L. Sherrill for petitioner.*

*Allen Langston for respondents.*

MORRIS, Judge.

PETITIONER'S APPEAL

[1]   To sustain petitioner's position on this appeal would in effect work an amendment to G.S. 1A-1, Rule 50. That rule provides for a motion for a directed verdict at the close of plaintiff's evidence or at the close of all the evidence. It does not give a litigant the option of waiting until after the verdict is in to make the motion for a directed verdict to attempt to preserve his right to move for judgment notwithstanding the verdict. The language of G.S. 1A-1, Rule 50, is almost identical to the language of Rule 50, Federal Rules of Civil Procedure. The Federal Courts have often interpreted the language used in that portion of the rule with which we are now concerned. That well-recognized interpretation is that the making of an appropriate motion for a directed verdict is an absolute prerequisite for the motion for judgment notwithstanding the verdict. 5 Moore's Federal Practice, § 50.08, p. 2357, (and cases there cited). In *Starling v. Gulf Life Co.*, 382 F. 2d 701 (CA 5th, 1967), appellant joined her motion for new trial with a motion for judgment notwithstanding the verdict. The Court noted that the latter motion was a nullity, because appellant had failed to move for a directed verdict and said "Since there was no motion for judgment n.o.v. in a legal sense, this court is without power to grant one and therefore must confine its consideration to the motion for new trial."

Petitioner candidly acknowledges this when it states it does not seriously contend that it was entitled to a directed verdict but wanted to preserve and protect the right to move for judgment notwithstanding the verdict. Making the motion *nunc pro tunc* does not effectively cure the defect. Petitioner's motion for directed verdict came too late and was of no effect. Without it petitioner had no standing to move for judgment notwithstanding the verdict, and the purported motion was properly denied.

Glen Forest Corp. v. Bensch

### RESPONDENTS' APPEAL

**[2]** Respondents appeal from the entry of order setting aside the verdict and granting a new trial. This motion by petitioner was made under G.S. 1A-1, Rule 59(a)(5) and (7). Respondents argue that the order granting the motion to set aside the verdict and grant a new trial cannot be effective because the court failed to specify the grounds for allowing the motion. G.S. 1A-1, Rule 59(d) provides: "Not later than 10 days after entry of judgment the court of its own initiative, on notice to the parties and hearing, may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor." The order from which respondent attempts to appeal was not, however, one entered of the court's own initiative. It was entered as the result of motion of a party, and we find nothing requiring the court to specify the grounds therefor.

**[3]** It has long been the rule in this State that a motion to set aside the verdict and for a new trial is "addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal." *Pruitt v. Ray,* 230 N.C. 322, 52 S.E. 2d 876 (1949). Rule 59 of the Federal Rules of Civil Procedure is comparable to G.S. 1A-1, Rule 59. We find no distinction in application of the principle. "In line with the English common law, a timely motion for new trial is addressed to the sound judicial discretion of the trial court." 6A Moore's Federal Practice, § 59.05(5), p. 3756. Respondent does not argue that there has been an abuse of discretion nor is an abuse shown by the record.

Petitioner's appeal—affirmed.

Respondents' appeal—affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.