MAVIE M. MANGUM, TRUSTEE FOR MARY B. MATTHEWS v. DERRY THOMAS SURLES AND WIFE, MINNIE MARIE MATTHEWS SURLES

No. 7111SC546

(Filed 20 October 1971)

1. Cancellation and Rescission of Instruments § 2; Pleadings § 32— refusal to allow amendment to complaint

In this action to set aside a deed on the ground of mental incapacity of the grantor, the trial court did not err in refusing to allow plaintiffs to amend their complaint to allege that defendants fraudulently induced the grantor to sign the deed by representing the instrument to be a note. G.S. 1A-1, Rule 15(b).

2. Cancellation and Rescission of Instruments § 2— issues — fraud and undue influence

In this action to set aside a deed, the evidence did not require the court to submit tendered issues of fraud and undue influence.

3. Trial § 51— motion to set verdict aside — discretion of court

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the sound discretion of the trial judge, whose ruling is not reviewable on appeal absent a showing of abuse of discretion.

APPEAL by plaintiff from *Hall, Judge,* 29 March 1971 Session of Superior Court held in HARNETT County.

This is a civil action wherein plaintiff Mavie M. Mangum, trustee for Mary B. Matthews, seeks to have a deed allegedly executed by Mary B. Matthews conveying real property to defendants set aside on grounds of fraud, undue influence, and lack of mental capacity.

The record reveals that the parties to this action entered into the following stipulations:

"(a) That Mavie M. Mangum is the duly appointed, qualified and acting Trustee of the estate and person of Mary B. Matthews.

(b) That Mary B. Matthews was on April 3, 1970, declared incompetent by a jury of twelve people, said verdict entered in Harnett County, North Carolina.

(c) That, prior to March 25, 1969, Mary B. Matthews was possessed in her own right to a 165-acre tract of land in Cumberland County, North Carolina.

(d) That the defendants, Derry Thomas Surles and wife Minnie Marie Matthews Surles, are the step-grandchildren of Mary B. Matthews.

(e) That Mary B. Matthews executed a deed conveying to the defendants the properties herein described and that said deed was properly recorded in the Cumberland County Register of Deeds Office in Book 2150, page 341, on February 20, 1970.

(f) That there was no monetary consideration for the deed.

(g) That on March 25, 1969, Mary B. Matthews was 79 years old."

At trial plaintiff offered the testimony of an attorney, a banker, a real estate agent, the tenant on the farm in Cumberland County, and the trustee, all of whom stated that in their opinion as of March 1969 Mary B. Matthews did not have sufficient mental capacity to understand the nature and consequences of making a deed, its scope and effect.

The record reveals that "[b]efore the calling of any witnesses, the plaintiff offered into evidence the deed in question, recorded in Book 2150, page 341, Cumberland County Register of Deeds Office and signed by Mary Bell Hall Matthews to Derry Thomas Surles and wife, Minnie Marie Surles."

Mary Matthews testified as a witness for plaintiff in pertinent part as follows:

"That she knows what it is to tell the truth and that her name is Mrs. Mary Bell Hall Matthews; that she is 80 years old and living on the Mavie Mangum place. . . .

"That she owns some property in Cumberland County known as the Cain place; that they are trying to take it away from her, but she does not want Mr. Bryan to let them do it; that if she did execute a deed to the defendants on the 25th day of March, 1969, she don't remember it; she knows she didn't do it; if she signed the deed, she don't know it, for she did not do it; that D. T. Surles is no blood relationship to her; that she did not tell D. T. Surles she was going to deed him any property; that she didn't say she was going to give them her land because she didn't have enough.

" . . . that somebody had told her that D. T. and Marie Surles had the property in their names and that she wanted it taken out; that she didn't put it in their names and that it was her land. She didn't put it in D. T.'s name because she didn't want to; D. T. and Marie never asked me, as I know of; that the defendants asked her to ride around with them and that they went to Sammy Stephenson's law office; that she signed a note for D. T., and she didn't care for signing another note, and that she didn't know she was signing a deed; that D. T. knows that she signed about a $500 Note for him to get some money; that no one ever told her that she was signing a deed and that she signed no deed and, if she did, she doesn't remember it; she wouldn't have signed it for her daddy unless he told her to, and she knows he wouldn't do it.

" . . . that she did not hire anyone in Sammy Stephenson's law office, as she knows of. . . .

" . . . that when she went to Sammy Stephenson's office on March 25, 1969, that she did not remember what she did, only that she thought he said he wanted her to sign a note for him; that if she signed anything there, she didn't remember it; that she didn't intend to sign nothing; that she was plenty fed up with this matter, that this thing was about killing her; that D. T. Surles lives about a mile or maybe further from her.

\* \* \*

"That D. T. Surles had always talked to her and that D. T. and Marie both acted like they would be a neighbor to her; that she did not rely on D. T. Surles any; that if he helped her out in things she didn't know it; that he asked her to sign a note; that they were always good to her, but that she didn't want anybody to say that she gave them her land; that she had never asked them for no help as she knew of, but they were always good to her. . . . "

The defendants offered the testimony of six witnesses who were friends, neighbors, and business acquaintances of Mary B. Matthews who testified that in their opinion in March 1969 Mary B. Matthews had the mental capacity to understand the nature and consequences of making a deed.

The court submitted the following issue to the jury which was answered as indicated:

"Did Mary B. Matthews, on March 25, 1969, have sufficient mental capacity to execute a valid deed?

ANSWER: Yes."

From a judgment entered on the verdict, plaintiff appealed.

*Bryan, Jones, Johnson, Hunter & Greene by K. Edward Greene for plaintiff appellant.*

*Samuel S. Stephenson and D. K. Stewart for defendant appellees.*

HEDRICK, Judge.

[1] Plaintiff first assigns as error the failure of the court to allow him to amend his complaint to conform to the evidence. The proposed amendment reads as follows:

"That the defendants, at the time Mary B. Matthews signed the deed alleged in the complaint, did with intent to deceive, practice a fraud upon the said Mary B. Matthews by inducing her to sign said instrument while representing the instrument to be a note and knowing the said Mary B. Matthews did not know what she was signing."

G.S. 1A-1, Rule 15(b), in pertinent part provides:

"When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion . . . but failure so to amend does not affect the result of the trial of these issues."

Under this rule the plaintiff could not have been prejudiced by the court's denial of the formal motion to amend the complaint. Moreover, a motion to amend the pleadings is addressed to the discretion of the trial judge, and is not reviewable on appeal in the absence of a showing of an abuse of discretion. *Service Co. v. Sales Co.,* 264 N.C. 79, 140 S.E. 2d 763 (1965). There is no evidence in this record tending to support the allegations in the proposed amendment to the complaint. This assignment of error is without merit.

**[2]** The plaintiff next assigns as error the refusal of the court to submit to the jury the following issues:

> "2. Was the execution of the deed dated March 25, 1969, procured by undue influence on Mrs. Mary B. Matthews?
>
> 3. Was the execution of the deed dated March 25, 1969, procured by fraud on Mrs. Mary B. Matthews?"

The refusal to submit an issue tendered is not error when there is no evidence in support of such issue adduced at trial. *Hooper v. Glenn,* 230 N.C. 571, 53 S.E. 2d 843 (1949).

There is no evidence in this record tending to show that the defendants procured the execution of the deed dated 25 March 1969 by Mary B. Matthews by fraud or undue influence. This assignment of error is overruled.

Finally, the plaintiff assigns as error the court's denial of the following motion:

> "Upon the coming in of the verdict the plaintiff, in open court, moves to set the verdict aside as being contrary to the weight of the evidence."

Although the record reveals that this motion was not made in conformity with G.S. 1A-1, Rule 7(b) (1), and Rule 6, General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure, we have considered the motion as one to set aside the verdict and for a new trial under G.S. 1A-1, Rule 59(a).

**[3]** A motion to set aside the verdict and for a new trial is addressed to the sound discretion of the trial judge whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 176 S.E. 2d 851 (1970); 6A Moore's Federal Practice, § 59.05(5), p. 3756.

Plaintiff has failed to show any abuse of discretion on the part of the trial judge.

We have considered all of the assignments of error brought forward and argued in this appeal, and we conclude that plaintiff had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.