MELONESE O. HARRISON v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 738SC66

(Filed 17 April 1974)

**Insurance § 38— disability — inability to engage in any occupation**
    Where an insurance policy issued by plaintiff provided that after fifty-two weeks following an injury, disability would be deemed total

Harrison v. Insurance Co.

disability only if it continuously prevented insured from engaging in any occupation or employment, and there was evidence from which the jury could legitimately find that during the period involved in this litigation plaintiff was physically and mentally qualified to engage in occupations at which she could earn wages comparable to the wages she had previously received as a waitress and cook, though because of the injury sustained she could not engage in those occupations, the trial court properly refused to set aside the jury verdict that plaintiff recover no indemnity payments during the period involved.

APPEAL by plaintiff from *Cowper, Judge,* 29 May 1972 Session of Superior Court held in WAYNE County.

This is a civil action to recover weekly indemnity payments which plaintiff alleged were due her under a disability insurance policy issued by defendant. On 4 May 1968 plaintiff, the insured under the policy, became disabled as a result of injuries to her right knee sustained in an automobile accident on that date. By its policy, which was in effect at the time, defendant agreed to make indemnity payments at the rate of $35.00 per week for the period of continuous total disability of the insured resulting directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in, or through being struck by, an automobile, provided (1) such disability shall commence within 20 days after the accident, and " (2) any disability during the period of fifty-two weeks from its commencement shall be deemed total disability only if it shall continuously prevent the Insured from performing every duty pertaining to his occupation and (3) any disability after said fifty-two weeks shall be deemed total disability only if it shall continuously prevent the Insured from engaging in any occupation or employment for wage or profit."

Defendant paid plaintiff at the rate of $35.00 per week for the period from 4 May 1968 through 15 November 1969. In this action plaintiff seeks recovery of indemnity payments which she contends are due her for the period after 15 November 1969. Issues were submitted to the jury and answered as follows:

"1. Was the plaintiff made totally disabled as a result of her knee injury as alleged in the Complaint?

"Answer: Yes.

"2. If so, what period of continuous total disability of the plaintiff as defined in the insurance policy mentioned in the Complaint resulted from said injury?

"Answer: 11-15-69 to none."

Judgment was entered on the verdict that plaintiff take nothing by this action, and plaintiff appealed.

*Sasser, Duke & Brown by John E. Duke for plaintiff appellant.*

*Dees, Dees, Smith, Powell & Jarrett by William W. Smith for defendant appellee.*

PARKER, Judge.

By this appeal plaintiff brings forward but one assignment of error, that the court erred in refusing to grant her motion to set aside the verdict on the second issue on the grounds that the same was contrary to law and to the greater weight of the evidence. Such a motion is addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 176 S.E. 2d 851. No abuse of discretion is shown on the present record.

Prior to her injury plaintiff had been employed as a cook and as a waitress, occupations requiring prolonged standing or walking. She testified she had no training for any other type of work, and her evidence showed that the serious and painful injury to her right knee prevented her from engaging in any occupation which required that she be on her feet for extended periods of time. Defendant recognized her disability and made indemnity payments for the period of more than eighteen months following her injury. For the first fifty-two weeks of this period, defendant's policy required it to make indemnity payments to plaintiff if her disability prevented her from performing every duty *pertaining to her occupation.* Thereafter, and as applicable in this litigation, the policy provided that disability "shall be deemed total disability only if it shall continuously prevent the Insured from engaging in *any occupation or employment* for wage or profit." (Emphasis added.)

Plaintiff testified that her only claim for disability in this action was because of the injury to her knee, and her own doctor testified that she "should be able to do any type of work which does not require prolonged standing or walking." From this and other testimony the jury could legitimately find that during the period involved in this litigation plaintiff was physically and mentally qualified to engage in occupations at which she could earn wages comparable to the wages she had previously

received as a waitress and as a cook. The question was one for the jury to decide under proper instructions from the judge. *Bulluck v. Insurance Co.*, 200 N.C. 642, 158 S.E. 185. No exception was taken to the court's charge to the jury, which is not in the record on this appeal. It is presumed that the court correctly instructed the jury on every principle of law applicable to the facts of this case. *Long v. Honeycutt*, 268 N.C. 33, 149 S.E. 2d 579.

In denying plaintiff's motion to set aside the verdict on the second issue, the trial court committed

No error.

Judges BRITT and MORRIS concur.