BOARD OF TRANSPORTATION v. FRANCES E. HARVEY AND HUSBAND, ELMER A. HARVEY

No. 7528SC494

(Filed 7 January 1976)

Eminent Domain § 5— taking of part of tract — proper measure of damages

    The trial court in a condemnation proceeding properly instructed the jury that the measure of damages was "the difference between the fair market value of the entire tract immediately prior to the taking, and the fair market value of the remainder immediately after said taking," and that " . . . when you arrive at the difference in value under this rule, it will include compensation for the part taken and compensation for injury, if any, to the remaining portion." G.S. 136-112.

APPEAL by defendants from *Grist, Judge*. Judgment entered 10 February 1975 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 24 September 1975.

Plaintiff, State Highway Commission (now Board of Transportation), condemned and appropriated a portion of defendants Harvey's land in Buncombe County pursuant to the authority vested in plaintiff under the provisions of Chapter 136 of the General Statutes and pursuant to a resolution of

said Commission duly passed. Plaintiff deposited $2570 as just compensation and brought this action in court for determination of damages.

Defendants Harvey filed an answer alleging that they have been damaged in excess of the amount of the deposit and asked that a jury determine the damages for the lands taken and to the lands remaining after the taking.

The defendant Elmer A. Harvey offered evidence to the effect that the lands taken were part of a tract that he used for the purpose of operating a cottage and mobile home rental business. The cottages and mobile homes were owned by him and his wife and all were rented to tenants. In his opinion the highest and best use of the property was as a mobile home park. Prior to the taking, defendants' property was served by two roads which formed a complete loop around their property so that access to the cottages and mobile homes could be had from two directions and traffic into and from their property could travel "both ways." Prior to the taking, mobile homes could be taken onto or removed from the property by use of the southernmost of the two roads. The northernmost of the two roads was not wide enough for passage of a mobile home. As a result of the taking, the construction, and lowering of the highway in front of the property, the southernmost road into and upon the property was cut off and that end of the loop was "dead-ended" by an embankment. Whereas there had been a complete loop around and through the property, there was only a one-lane, dead-end road into the remaining lands. Defendant Elmer A. Harvey testified that the taking had reduced the market value of his property by $17,500. Hubert Redmond, a real estate appraiser, testified for defendants that the diminution in market value had been $16,650.

Plaintiff offered testimony of three real estate appraisers who testified that the market value of defendants' property had been reduced by $3,809, $4,300, and $3,500.

The jury found that defendants were entitled to recover $8,000 for the taking of their property. After the trial, defendants moved for a new trial on the ground of newly discovered evidence and for other reasons. The court denied the motion for a new trial, and defendants appealed.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Alfred N. Salley, for the State.*

*Morris, Golding, Blue & Phillips, by William C. Morris, Jr., for defendant appellants.*

MARTIN, Judge.

Defendants contend that the court erred in failing to declare and explain the law arising on the evidence in this case as required by G.S. 1-180.

"The chief purpose of a charge is to aid the jury to understand clearly the case, and to arrive at a correct verdict. For this reason, this Court has consistently ruled that G.S. 1-180 imposes upon the Trial Judge the positive duty of declaring and explaining the law arising on the evidence as to all the substantial features of the case. A mere declaration of the law in general terms and a statement of the contentions of the parties . . . is not sufficient to meet the statutory requirement." *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d 913 (1957).

In the case before us, the issue was the amount of damages the defendants were entitled to recover. The court instructed the jury that the ". . . compensation must be full and complete, and include everything which affects the value of the property taken and in relation to the entire property affected." The court further instructed the jury that the measure of damages was "the difference between the fair market value of the entire tract immediately prior to the taking, and the fair market value of the remainder immediately after said taking," and that ". . . when you arrive at the difference in value under this rule, it will include compensation for the part taken and compensation for injury, if any, to the remaining portion." The charge used by the trial court as to the measure of damages was in substantial compliance with G.S. 136-112 and with numerous decisions of our Supreme Court.

> "Where only a part of a tract is taken, the measure of damages . . . shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes." G.S. 136-112(1).

See *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778 (1954) ; *Proctor v. Highway Commission,* 230 N.C. 687, 55 S.E. 2d 479 (1949) ; *Highway Commission v. Hartley,* 218 N.C. 438, 11 S.E. 2d 314 (1940).

Thus, the court properly and sufficiently explained the law as to all substantial features of the case.

Defendants next contend that the court erred in failing to allow the defendants' motion to set aside the verdict pursuant to G.S. 1A-1, Rule 59. This assignment of error is without merit since a motion under Rule 59 is addressed to the sound discretion of the trial court, and will not be reviewed on appeal in the absence of abuse of discretion. *Glen Forest Corp. v. Bensch,* 9 N.C. App. 587, 176 S.E. 2d 851 (1970).

All of defendants' assignments of error have been considered and are hereby overruled.

No error.

Chief Judge BROCK and Judge VAUGHN concur.