STEVE CANTRELL AND DEBORAH CANTRELL, PLAINTIFFS V.
TAMMY WISHON, DEFENDANT

No. COA99-1477

(Filed 29 December 2000)

**Child Support, Custody, and Visitation— custody—action
between natural mother and uncle and aunt—findings**

In a child custody action between the natural mother and a
paternal aunt and uncle in which the mother was awarded cus-
tody, the trial court erred by failing to consider the long-term
relationship between the mother and her children; failing to make
findings on the effect, if any, of the document that the mother
signed relinquishing custody of her children to the paternal aunt
and uncle; and failing to make findings on the mother's role in
building the relationship between her children and the aunt and
uncle. The court's findings are not detailed enough to determine
whether they are supported by competent evidence, the court
specifically refused to hear evidence on the mother's past con-
duct, and the court explicitly found that *Price v. Howard,* 346
N.C. 68, was a narrow exception to *Peterson v. Rogers,* 337 N.C.
397. The case was remanded for findings on whether the mother
acted inconsistently with her constitutionally protected status
and, if so, for application of the "best interests of the child" test
to determine which party should have custody.

Appeal by plaintiffs from order entered 28 April 1999 by Judge
Robert S. Cilley in District Court, Polk County. Heard in the Court of
Appeals 17 August 2000.

*Jackson & Jackson, by Phillip T. Jackson, for plaintiffs-
appellants.*

*No brief filed for defendant-appellee.*

WYNN, Judge.

This appeal challenges our Supreme Court's holding that a parent
may lose the constitutionally protected right to child custody if the
parent's conduct is inconsistent with the parental presumption of act-
ing in the best interests of the child. *See Price v. Howard,* 346 N.C.
68, 484 S.E.2d 528 (1997); *Petersen v. Rogers,* 337 N.C. 397, 445 S.E.2d
901 (1994). Because we hold that the trial court failed to make find-

CANTRELL v. WISHON

[141 N.C. App. 340 (2000)]

ings as to whether the mother in this case acted inconsistently with her constitutionally protected status as a parent, we remand this matter to the trial court.

The parent in this case is the mother of two minor children. The children's father died in 1996 in a truck accident when one child was one year old and the other was unborn. The nonparents in this case are the paternal aunt and uncle of the children—Steve Cantrell and his wife, Deborah Cantrell.

The record shows the following facts: Before the father's death, the father, mother and their older child lived with the Cantrells. After his death, the mother gave birth to the second child and lived with the children's paternal grandparents until December 1996, at which time she moved back in with the Cantrells. While residing with the Cantrells, the mother signed a document stating that she wanted them to act as her children's parents "in all matters pertaining to there [sic] welfare." Thereafter, on 18 May 1997, she checked herself into an inpatient drug rehabilitation program where she stayed until 15 June 1997.

When the mother returned to the Cantrells' home on about 15 June, she stayed for one week. During that time, she avoided her children. Afterwards, she voluntarily moved out again, leaving her children with the Cantrells. The Cantrells cared for the children for the next five months, during which time the mother visited them infrequently. The mother returned to the Cantrells' home in November 1997 for another one week stay, then again voluntarily left.

In January 1998, the Cantrells filed a motion for custody of the children. That day, the trial court granted them temporary custody. One week later, the trial court ordered that the younger child remain with the Cantrells, but that the mother receive temporary custody of the older child. The mother filed a motion seeking visitation with the younger child, which was granted by the trial court on 22 September 1998. Between 14 January and 14 April 1999, the trial court heard evidence on the issue of permanent custody of the children. On 28 April 1999, the trial court awarded permanent custody of both children to the mother. The Cantrells appealed to this Court.

The Cantrells argue that the trial court erred in failing to make findings of fact and give consideration to the evidence presented by them that the mother had acted inconsistently with her constitutionally protected status of a parent. We agree.

The trial court made nine findings of fact, only one of which had any bearing on the mother's fitness as a parent. The trial court found:

> That the [mother] is a fit and proper person to have the permanent custody, care, and control of the aforenamed minor children and has neither abused said children nor neglected their welfare, and as the natural mother has a constitutionally protected paramount right to the custody, care, and control of the aforenamed minor children.

Thereafter, the trial court concluded:

> That the [mother] has a constitutionally protected paramount right to custody, care, and control of her natural children, which are the subject of this action.

In a child custody case, the trial court's findings of fact are binding on this Court if they are supported by competent evidence, and its conclusions of law must be supported by its findings of fact. *See Sain v. Sain*, 134 N.C. App. 460, 464, 517 S.E.2d 921, 925 (1999). However, the findings of fact and conclusions of law must be sufficient for this Court to determine whether the judgment is adequately supported by competent evidence. *See Buckingham v. Buckingham*, 134 N.C. App. 82, 88-89, 516 S.E.2d 869, 874 (1999). And the findings and conclusions of the trial court must comport with our case law regarding child custody matters.

In *Petersen v. Rogers, supra,* our Supreme Court recognized that parents have a constitutionally protected right to the custody, care and control of their child, absent a showing of unfitness to care for the child. *Accord Bivens v. Cottle*, 120 N.C. App. 467, 462 S.E.2d 829 (1995), *appeal dismissed*, 346 N.C. 270, 485 S.E.2d 296 (1997). After *Petersen*, our Supreme Court in *Price v. Howard, supra,* held that the "protection of the parent's interest is not absolute" and " 'the rights of the parents are a counterpart of the responsibilities they have assumed.' " *Price*, 346 N.C. at 76, 484 S.E.2d at 533 (quoting *Lehr v. Robertson*, 463 U.S. 248, 257, 77 L. Ed. 2d 614, 624 (1983)). The Court reasoned that a parent's right to child custody is also based on the presumption that the parent will act in the best interests of the child. *See Price*, 346 N.C. at 79, 484 S.E.2d at 534. Thus, the Court held that a parent may lose the constitutionally protected paramount right to child custody if the parent's conduct is inconsistent with this presumption or if the parent fails to shoulder the responsibilities that are attendant to rearing a child. *See id.* If a parent does indeed act inconsistently with the protected status, a court should apply the "best

**CANTRELL v. WISHON**

[141 N.C. App. 340 (2000)]

interests of the child" test in resolving a custody dispute between that parent and a nonparent. *See id.*

In *Price*, the Supreme Court pointed out the type of conduct that could result in the loss of a parent's protected status. For example, unfitness, neglect and abandonment may constitute conduct inconsistent with a parent's protected status. *See id.* Further, other types of conduct, viewed on a case-by-case basis, may also prove to be inconsistent with a parent's protected status. *See id.* at 79, 484 S.E.2d at 534-35. The Court in *Price* considered one type of conduct in particular which may show that a parent acted inconsistently with her protected status—voluntary abandonment of a child. A summary of that discussion is instructive in the case at bar.

In *Price*, the mother lived for a time with her child and the plaintiff, who erroneously thought he was the father of the child. After the parties in *Price* separated, the mother voluntarily gave custody of the child to the plaintiff, visiting her child only sporadically. In determining whether the mother acted inconsistently with her protected status, the Court considered a number of other issues: Whether her relinquishment of custody was intended to be temporary or permanent; whether her behavior had created the family unit that existed between the plaintiff and the child; and the degree of custodial, personal and financial contact between her and her child. *See id.* at 83-84, 484 S.E.2d at 537. Of particular significance to our decision in this case, our Supreme Court in *Price* did not limit consideration of the mother's relationship with the child to the recent past, but rather, it focused on her conduct over a number of years.

In the case at bar, we first note that the trial court's findings of fact are not detailed enough to determine whether they are supported by competent evidence. *See Buckingham, supra.* For instance, in determining that the mother was a fit and proper person to care for the children, the trial court failed to point to any evidence to support its finding.

But more compelling in this case, the trial court specifically refused to hear evidence on the mother's past conduct. Indeed, the record indicates that the trial court made the following statement:

> If you show her to have been evil, cannibalistic, demon worshipping in 1996 but it develops that she has graduated to a candidate for sainthood day, then the modern evidence is relevant and the old evidence is history.

This statement reveals that the trial court erroneously placed *no* emphasis on the mother's past behavior, however inconsistent with her rights and responsibilities as a parent.

Further, the trial court explicitly addressed the *Price* case and found that its holding was a narrow exception to the rules set forth in *Petersen.* We disagree. *Price* was not limited to the facts of that particular case, but rather, its broadened holding of *Petersen* applies to all child custody disputes. *See, e.g., Penland v. Harris*, 135 N.C. App. 359, 362, 520 S.E.2d 105, 107 (1999) (holding that *Price* requires a nonparent who seeks custody of a child to show that a parent acted inconsistently with her protected status).

In this case, the record shows that the trial court failed to consider the long-term relationship between the mother and her children; failed to make findings on the effect, if any, of the document that the mother signed relinquishing custody of her children to the Cantrells; and failed to make findings on the mother's role in building the relationship between her children and the Cantrells.

As in *Price*, we remand this case to the district court to make findings of fact on whether the mother acted inconsistently with her constitutionally protected status, and if so, to then apply the "best interests of the child" test to determine which party should have custody of the children.

Reversed and remanded.

Judges McGEE and TIMMONS-GOODSON concur.