RICHARD BARGER AND MARGARET BARGER, PLAINTIFFS v. KRISTI LARAE BARGER AND EDWARD McCLOUGH AND CATAWBA COUNTY DEPARTMENT OF SOCIAL SERVICES, DEFENDANTS

No. COA00-1477

(Filed 5 March 2002)

**Child Support, Custody, and Visitation— custody—natural parent—grandparents—best interests standard**

The trial court did not err in a child custody case by granting defendant father custody of his natural child and by denying plaintiff maternal grandparents' motion for sole custody, because: (1) as between a parent and a non-parent, North Carolina courts cannot perform a best interests of the child analysis to determine child custody until after the natural parents are judicially determined to be unfit; and (2) the trial court made extensive findings of fact that the child's father is a fit and proper person to have the care, custody, and control of the minor child.

Appeal by plaintiffs from order entered 6 August 2000 by Judge Nancy Einstein in Catawba County District Court. Heard in the Court of Appeals 29 January 2002.

*Crowe & Davis, P.A., by H. Kent Crowe, for plaintiff-appellants.*

*Sigmon, Sigmon and Isenhower, by C. Randall Isenhower, for defendant-appellees.*

BARGER v. BARGER

[149 N.C. App. 224 (2002)]

TYSON, Judge.

Richard Barger and Margaret Barger ("plaintiffs") appeal from an order granting defendant, Edward McClough ("Edward"), custody of his natural child, Darrious Adam Barger ("Adam"), visitation to plaintiffs, and denying plaintiffs' motion for sole custody. We affirm the trial court's order.

## I. Facts

Kristi LeRae Barger ("Kristi") and Edward began a sexual relationship that resulted in Kristi becoming pregnant. Kristi and Edward never married. Adam was born on 27 February 1999 while his mother Kristi served an activated sentence in prison for a probation violation. Plaintiffs, Kristi's parents, obtained Adam from the prison hospital two days later.

A "consolidated order of adjudication and disposition" was entered 21 September 1999 awarding custody of Adam to the Catawba County Department of Social Services ("Catawba DSS"). The order granted Catawba DSS placement discretion, approved the current grandparents custody, required Kristi to obtain substance abuse treatment, required Edward to submit to a paternity test, granted Kristi and Edward supervised visitation, and sought reunification of Adam with Kristi and Edward, if it was later determined that he was the father.

On 20 December 1999, plaintiffs filed a complaint seeking custody of their grandchild. Edward filed an answer on 28 February 2000 and a counterclaim and cross claim on 9 March 2000, in which he requested "care, custody and control" of Adam. Plaintiffs replied requesting Edward recover nothing. Neither Kristi nor Catawba DSS participated in the custody action.

The trial court conducted a hearing on 10 May 2000 and granted Edward "care, custody and control" of Adam and granted plaintiffs visitation rights on 9 August 2000. Plaintiffs appeal.

## II. Issues

Plaintiffs assign error to the trial court's (1) refusing to resolve evidentiary conflicts regarding the fitness of the parties and the best interests of the child and (2) failing to properly find facts rather than recite the evidence presented.

## III. Fitness of the Parties and Best Interest of Child

Plaintiffs argue that the "custody order is fatally defective because it fails to make the detailed findings of fact from which [to] determine that [the trial court's] order is *in the best interest of Darrious Adam Barger,*" (emphasis suppled) and that "it contains no findings of fact on why Ed McClough could be considered fit and proper." These arguments misunderstand the constitutionally required analysis required to resolve a custody dispute between a natural parent and a non-parent.

Our Supreme Court has recently reaffirmed that *Petersen v. Rogers,* 337 N.C. 397, 445 S.E.2d 901 (1994) and *Price v. Howard,* 346 N.C. 68, 484 S.E.2d 528 (1997), "when read together, protect a natural parent's paramount constitutional right to custody and control of his or her children." *Adams v. Tessener,* 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001).

"[T]he government may take a child away from his or her natural parent *only* upon a showing that the parent is unfit to have custody . . . ." *Id.* (citing *Jolly v. Queen,* 264 N.C. 711, 715-16, 142 S.E.2d 592, 596 (1965) (emphasis supplied)). A parent's child should not be placed "in the hands of a third person except upon convincing proof that the parent is an unfit person to have custody of the child or for some other extraordinary fact or circumstance." *Id.* (citing 3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 224 at 22:32 (5th ed. 2000)). "If a natural parent's conduct has not been inconsistent with his or her constitutionally protected status, application of the 'best interest of the child' standard in a custody dispute with a nonparent would offend the Due Process Clause." *Price,* 346 N.C. at 79, 484 S.E.2d at 534 (citing *Petersen,* 337 N.C. 397, 445 S.E.2d 901; *Quilloin v. Walcott,* 434 U.S. 246, 255, 54 L. Ed.2d 511, 520; *Smith v. Org. of Foster Families for Equality and Reform,* 431 U.S. 816, 862-63, 53 L. Ed. 2d 14, 46-47 (1977)).

As between a parent and a non-parent, North Carolina courts cannot perform a "best interest of the child" analysis to determine child custody until after the natural parents are judicially determined to be unfit. The trial court made extensive findings of fact that Edward "is a fit and proper person to have the care, custody and control of the minor child," and awarded "the care, custody and control" of Adam to Edward. The trial court erred by impermissibly stating that "[t]he Court believes that the best interests of the minor child would best be served by leaving custody [of Adam] with the Plaintiffs" after it had

found that Edward was not an unfit parent. Edward did not cross appeal that portion of the trial court's order granting plaintiffs visitation with Adam, and thus that issue is not properly before us. N.C. R. App. P. 10(a) (1999).

## IV. Sufficiency of the Findings

Plaintiffs contend that the trial court's findings of fact are mere recitations of the evidence presented. We disagree.

The trial court made detailed findings of fact in which it concluded that Edward was a fit and proper person to have custody of Adam. Plaintiffs have failed to produce any evidence that would rebut the finding of fact that Edward is fit to raise his child. After carefully reviewing the entire record, we believe that those findings support the trial court's conclusion and that the findings are supported by competent evidence. *Sain v. Sain*, 134 N.C. App. 460, 464, 517 S.E.2d 921, 925 (1999) (if the trial court's findings of fact are supported by competent evidence, and they support its conclusion, they are binding on appeal). This assignment of error is overruled.

Affirmed.

Judges GREENE and HUNTER concur.