DAVID N., Plaintiff v. JASON N., Defendant

No. COA02-1464

(Filed 1 June 2004)

**1. Child Support, Custody, and Visitation— custody to grandparent over parent—inconsistent findings**

The trial court erred by awarding custody to a grandparent over a natural parent after concluding both that defendant's actions were inconsistent with his constitutionally protected status and that both plaintiff and defendant were fit and proper for custody.

**2. Child Support, Custody, and Visitation— child custody claim—amendment for support added**

The trial court did not abuse its discretion by allowing the plaintiff to amend his child custody complaint to add a claim for child support. Although asserting a right to custody while trying to avoid support is precarious, defendant's lack of support is relevant to custody and would likely be a matter of record regardless of the support claim.

Judge WYNN dissenting.

Appeal by defendant from order entered 10 June 2002 by Judge Peter L. Roda in Buncombe County District Court. Heard in the Court of Appeals 12 November 2003.

*Mary E. Arrowood for Plaintiff-Appellee.*

*Sutton & Edmonds, by John R. Sutton and April Burt Sutton for Defendant-Appellant.*

ELMORE, Judge.

Jason N. (defendant), the biological father of J.L.N., born 2 July 1992, appeals from an award of custody to David N., the paternal grandfather, and his wife (plaintiffs). Defendant previously appealed the denial of his motion to dismiss, which appeal was dismissed as interlocutory. COA01-87, filed 16 October 2001.

In the custody order, the trial court found as fact that the minor child resided with and had been raised since the age of ten months by the plaintiffs. The trial court found that defendant was not active in

the child's life and did not attend events or sports programs or financially support his son. The trial court found:

> 18. That at the hearing on the second portion of the bifurcated trial, the minor child's therapist testified that in his opinion it would be contrary to the minor child's best interest to remove the child from the plaintiffs['] primary placement at this time.

> 19. That the plaintiffs and the defendant, [JASON N.], are both fit and proper to have [. . .] the care, custody, and control of the minor child, and it is in the best interest of the minor child that he continue to reside primarily with the plaintiffs and visit with the defendant, [JASON N.], on the following schedule: . . .

The trial court concluded as a matter of law:

> 3. That the facts set forth above constitute acts on behalf of defendant, [JASON N.], that are inconsistent with his preferred status as the biological parent of the minor child in that those acts are tantamount to abandonment, neglect, abuse or other acts inconsistent with natural parent's constitutionally protected interest as set forth in Petersen v. Rogers, 445 S.E.2d 901, 337 N.C. 397 (1994); Price v. Howard, 484 S.E.2d 528, 346 N.C. 68 (1997); et seq and therefore the "best interest of the child" test prescribed in N.C.G.S. 50-13.2(a) shall apply to this custody determination.

> 4. It is in the best interest of the minor child that he be placed in the joint custody and control of both parties, with the primary placement in the plaintiffs subject to the father's visitation as set forth above.

## I.

"In a child custody case, the trial court's findings of fact are binding on this Court if they are supported by competent evidence, and its conclusions of law must be supported by its findings of fact." *Cantrell v. Wishon*, 141 N.C. App. 340, 342, 540 S.E.2d 804, 805 (2000). Further, "the findings and conclusions of the trial court must comport with our case law regarding child custody matters." *Cantrell*, 141 N.C. App. at 342, 540 S.E.2d at 806. This standard of review guides our consideration of defendant's appeal.

DAVID N. v. JASON N.

[164 N.C. App. 687 (2004)]

II.

**[1]** Defendant argues on appeal first that the trial court erred in awarding custody to a non-parent over the natural parent without first making findings of unfitness, neglect, or that the natural parent ever acted in a manner inconsistent with his constitutionally protected status as a parent.

Our Supreme Court has held that "absent a finding that parents (i) are unfit or (ii) have neglected the welfare of their children, the constitutionally-protected paramount right of parents to custody, care, and control of their children must prevail." *Petersen v. Rogers*, 337 N.C. 397, 403-04, 445 S.E.2d 901, 905 (1994).

In the recent decision of *Owenby v. Young*, 357 N.C. 142, 579 S.E.2d 264 (2003), our Supreme Court reversed the Court of Appeals and reinstated the order of the trial court in a case in which it held that the evidence did not support an adjudication of the father of the subject children being unfit. Although in the present case we are not asked to decide the sufficiency of the evidence, but only the sufficiency of the findings of fact to support the conclusions of law, *Owenby* is instructive on the constitutional interest of a natural parent. *Owenby* stated:

the "Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 66, 147 L. Ed. 2d 49, 57 (2000). This parental liberty interest "is perhaps the oldest of the fundamental liberty interests" the United States Supreme Court has recognized. *Id.* at 65, 147 L. Ed. 2d at 56. . . . Indeed, the protection of the family unit is guaranteed not only by the Due Process Clause, but also by the Equal Protection Clause of the Fourteenth Amendment and possibly by the Ninth Amendment. *Stanley v. Illinois*, 405 U.S. 645, 661, 31 L. Ed. 2d 551, 559 (1972).

*Owenby v. Young*, 357 N.C. 142, 144, 579 S.E.2d 264, 266 (2003).

Considering then the importance of the constitutional protection of a parent's interest, "[t]he government may take a child away from his or her natural parent only upon a showing that the parent is unfit to have custody . . . ." *Adams v. Tessener*, 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001). (citing *Jolly v. Queen*, 264 N.C. 711, 715-16, 142 S.E.2d 592, 596 (1965)). A parent's child should not be placed "in the hands of a third person except upon convincing proof that the parent

is an unfit person to have custody of the child or for some other extraordinary fact or circumstance." *Id.* (citing 3 Suzanne Reynolds, Lee's North Carolina Family Law § 224 at 22:32 (5th ed. 2000)). "If a natural parent's conduct has not been inconsistent with his or her constitutionally protected status, application of the 'best interest of the child' standard in a custody dispute with a nonparent would offend the Due Process Clause." *Price v. Howard,* 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997) (citing *Petersen,* 337 N.C. 397, 445 S.E.2d 901; *Quilloin v. Walcott,* 434 U.S. 246, 255, 54 L. Ed. 2d 511, 520; *Smith v. Org. of Foster Families for Equality and Reform,* 431 U.S. 816, 862-63, 53 L. Ed. 2d 14, 46-47 (1977)). *See also Barger v. Barger,* 149 N.C. App. 224, 560 S.E.2d 194 (2002) (holding that a natural parent is properly awarded custody when found to be a fit parent.)

The trial court is required to make a finding that a natural parent is unfit before denying custody to that parent. *See Moore v. Moore,* 160 N.C. App. 569, 587 S.E.2d 74 (2003) (reversing the trial court's order denying reinstatement of appellant's visitation rights with his minor child because there was no finding of unfitness.)

In the case at bar, while the trial court did conclude as a matter of law that the acts of the defendant were "inconsistent with his constitutionally protected status," and were "tantamount to abandonment, neglect, abuse or other acts inconsistent with natural parent's constitutionally protected interest . . ." the trial court also found as fact that both the plaintiff and the defendant were "fit and proper" to have custody of the minor child. This finding of the natural father's fitness is inconsistent with the conclusion of law that he not be afforded his constitutional right to parent his child. Because this finding of fact does not support the trial court's conclusions of law, we remand for the trial court to make such findings as will support its conclusions.

The issue of whether the evidence supports a finding of fitness is not before us on appeal, so this opinion does not reflect a review of that issue.

## III.

[2] Defendant next assigns error to the trial court's allowing the plaintiff to amend his complaint to add a claim for child support. Defendant argues that this amendment materially prejudiced him because it required him to deny a claim of child support while at the same time fighting for custody.

DAVID N. v. JASON N.

[164 N.C. App. 687 (2004)]

Section 1A-1, Rule 15(a) of our General Statutes provides that leave to amend shall be "freely given when justice so requires." The trial judge has broad discretion to permit amendments to pleadings. *See Dobias v. White*, 240 N.C. 680, 83 S.E.2d 785 (1954). The court's ruling is not reviewable on appeal absent a showing of abuse of discretion. *Mangum v. Surles*, 12 N.C. App. 547, 183 S.E.2d 839 (1971), *rev'd on other grounds*, 281 N.C. 91, 187 S.E.2d 697 (1972). The burden is upon the party objecting to the amendment to set forth the grounds for his objection and to establish that he will be prejudiced if the motion is allowed. *Vernon v. Crist*, 291 N.C. 646, 231 S.E.2d 591 (1977).

While we appreciate the precarious position of the defendant in trying to avoid child support payments while asserting his right to child custody, we do not consider that situation prejudicial, or likely to affect the outcome of the case. The defendant's lack of financial support of his child will be a relevant finding of fact in a trial court's consideration of custody issues, and will likely be a matter of record regardless of a child support claim. Because of defendant's failure to demonstrate prejudice, we hold that the trial court did not abuse its discretion in allowing the plaintiff's amendment of his complaint.

IV.

Defendant's two remaining assignments of error concern the trial court's denial of his motions for summary judgment and dismissal. Because the first assignment of error is dispositive, we do not reach these assignments.

Reversed and remanded.

Judge TIMMONS-GOODSON concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

I respectfully disagree with the majority's determination that the trial court's finding of unfitness is inconsistent with the conclusion of law that the father acted in a manner inconsistent with his constitutionally protected status as a parent. First, I believe a finding of fitness does not exclude a determination that the parent acted in a manner inconsistent with his constitutionally protected status as a parent. Second, the case law states disjunctively that natural parents may for-

DAVID N. v. JASON N.

[164 N.C. App. 687 (2004)]

feit their constitutionally protected status by a finding of either (1) unfitness, *or* (2) acting in a manner that is inconsistent with their constitutionally protected status. *Petersen v. Rogers,* 337 N.C. 397, 445 S.E.2d 901 (1994); *Price v. Howard,* 346 N.C. 68, 484 S.E.2d 528 (1997). Thus, the case law recognizes that a finding of fitness does not preclude a determination that the parent has acted inconsistent with his or her constitutionally protected status.

> The Due Process Clause ensures that the government cannot unconstitutionally infringe upon a parent's paramount right to custody solely to obtain a better result for the child. As a result, the government may take a child away from his or her natural parent only upon a showing that the parent is unfit to have custody, *or* where the parent's conduct is inconsistent with his or her constitutionally protected status.

*Adams v. Tessener,* 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001) (emphasis supplied).

> Unfitness, neglect, and abandonment clearly constitute conduct inconsistent with the protected status parents may enjoy. Other types of conduct, which must be viewed on a case-by-case basis, can also rise to this level so as to be inconsistent with the protected status of natural parents.

*Price,* 346 N.C. at 79, 484 S.E.2d at 534-35.

In sum, unfitness is one basis upon which it can be concluded a parent has acted inconsistently with his or her constitutionally protected status as a parent. *See id.* (indicating that although unfitness, neglect and abandonment clearly constitute conduct inconsistent with a natural parent's protected status, other conduct, viewed on a case by case basis, can also rise to this level so as to be inconsistent with the protected status of natural parents). In this case, the trial court determined that although the natural father was fit, his failure to provide financial support and to maintain involvement in his child's life constituted conduct inconsistent with his constitutionally protected status. Since the findings support this conclusion, I would uphold the trial court's award of joint custody to the natural father and grandparents.