STEELMAN, Judge.
Shawn Cooper (Cooper) and Sandra Gail Dean (Dean) lived together, but were never married. While living together, Dean gave birth to Cooper's daughter (child)(their only child together) on 3 March 1993. Dean and Cooper subsequently separated, and Dean and the child moved in with plaintiff on 6 May 1994. Dean and plaintiff were engaged in a romantic relationship for part of the time that they were living together. The relationship ended, and Dean and the child moved out in 1996. The child later requested to be allowed to resume residency with plaintiff, and around November 1996, with Dean's approval, the child did resume residing with plaintiff. Dean lived apart from plaintiff and the child. Plaintiff raised the child for the next three years, taking care of her and paying all her expenses. Cooper visited the child irregularly; for a period of over a year Cooper did not visit the child at all. On 11 June 1999, Dean took the child from plaintiff's care and resumed custody. On 17 November 1999 plaintiff filed a complaint seeking custody of the child, and on that same date an emergency temporary custody order was issued granting temporary custody of the child to plaintiff. At a 30 November 1999 hearing on the temporary custody of the child, Dean and Cooper entered into a consent order with plaintiff, which granted temporary custody to plaintiff. Neither Cooper nor Dean filed an answer or counterclaim seeking primary custody of the child. The custody hearing took place on 15, 20, and 28 December 1999. The trial court dismissed plaintiff's custody action on 30 March 2000 holding that Cooper had not relinquished his constitutionally protected rights as a parent. Plaintiff appealed to this Court. In an unpublished opinion, Hardister v. Dean, 146 N.C. App. 306, 553 S.E.2d 447 (2001), this Court held that the trial court's findings of fact were insufficient to support a conclusion that Cooper was entitled to constitutional protection as a parent of the child. The order of the trial court was vacated and remanded for further proceedings. On 28 February 2003, a second order was entered by the trial court, again holding that plaintiff had failed to establish by clear and convincing evidence that Cooper had relinquished his constitutionally protected rightsin the child, and dismissing the plaintiff's action for custody. Plaintiff appeals.
In plaintiff's assignments of error three through eight she argues that the trial court erred by finding facts that were not supported by the evidence. We agree in part.
Plaintiff contends that there is no evidence to support the trial court's findings of fact nos. 15, 16, 18, 19, 20, 21, 22, 23, 24 and 25 from the 28 February 2003 order. The 28 February 2003 order incorporated the findings of fact of the 30 March 2000 order by reference. After a thorough review of the record, we hold that the following relevant findings of fact are either supported by the evidence or have not been contested by plaintiff:
30 March 2000 Order
Cooper is the biological father of the child, born 3 March 1993; Cooper was never married to the child's mother Dean, but he lived with Dean and the child for the first one and one half years of the child's life; from late 1994 to early 1997 Cooper had sporadic contact with the child, including "extensive periods of time with no contact;" on 22 May 1997 Cooper filed an action against Dean seeking visitation, but after acceptance of service by Dean, the file reflects no further activity; after acceptance of service by Dean, Dean and Cooper reached an agreement on visitation and child support to be paid by Cooper; from July of 1997 through December 1999 Cooper exercised visitation and paid $33.00 per week in child support to Dean; from June 1999 until November 1999 Social Services received five referrals regarding the child, who was in Dean'scustody at the time. The first four referrals were unsubstantiated, the fifth was substantiated as to neglect by Dean. Social Services filed no petition, but entered into an agreement with Dean; in 1997 or 1998 Cooper informed Social Services that he desired custody of the child if custody was removed from Dean, but that he was not financially able to assume custody at that time. Cooper asked Social Services to do a home study on his parent's house, but this was never performed; in June of 1999 plaintiff wanted Cooper to file an action seeking custody of the child from Dean, but there is no evidence Cooper took any legal action.
28 February 2003 Order
Cooper hired an attorney to represent him in the custody proceeding, and personally participated in the proceeding; Dean did not object to Cooper having visitation rights; Cooper contacted Social Services about concerns he had of the child's care by Dean; Cooper cooperated with Social Services in its investigations of Dean; Cooper and the child have a good relationship; Cooper testified that he loved his daughter and wanted custody of her.
There were further findings of fact made by the trial court and challenged by respondent. We find that these findings are not supported by the evidence in the record, and they have not been recited. We find that the findings above are sufficient to support our rulings set forth below.
In her second assignment of error plaintiff argues that the trial court erred in making the conclusion of law that Cooper hadnot relinquished his constitutionally protected status as a natural parent.
The rights to conceive and to raise one's children have been deemed "essential," "basic civil rights of man," and "rights far more precious . . . than property rights[.]" "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment[.]
Petersen v. Rogers, 337 N.C. 397, 400-01, 445 S.E.2d 901, 903 (1994)(citations omitted), quoting Stanley v. Illinois, 405 U.S. 645, 651, 31 L. Ed. 2d 551 (1972)(emphasis added).
A natural parent's constitutionally protected paramount interest in the companionship, custody, care, and control of his or her child is a counterpart of the parental responsibilities the parent has assumed and is based on a presumption that he or she will act in the best interest of the child. Therefore, the parent may no longer enjoy a paramount status if his or her conduct is inconsistent with this presumption or if he or she fails to shoulder the responsibilities that are attendant to rearing a child. If a natural parent's conduct has not been inconsistent with his or her constitutionally protected status, application of the "best interest of the child" standard in a custody dispute with a nonparent would offend the Due Process Clause.
Price v. Howard, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997). Thus, in order for a non-parent to assume custody of a child over a natural parent, the non-parent petitioner must first prove by clear, cogent and convincing evidence that the parent has forfeitedhis constitutionally protected status, then, second, the non-parent must prevail against the parent at trial under the "best interest of the child" standard. Cantrell v. Wishon, 141 N.C. App. 340, 342-43, 540 S.E.2d 804, 806 (2000).
When this matter was first before this Court, we held that the trial court's findings of fact were inadequate to support its conclusion that Cooper had not relinquished his protected status as a natural parent and we remanded the case for further findings. The case is again before us, and the additional relevant and supported findings are outlined in our discussion of plaintiff's assignments of error three through eight above. We must again determine if the trial court has provided us with sufficient findings to support its conclusion that Cooper has not forfeited his constitutionally protected status as a natural parent. We hold that the trial court's findings of fact do support its conclusion that Cooper has not relinquished his protected status.
We first note that "in custody cases, the trial court sees the parties in person and listens to all the witnesses. This allows the trial court to `detect tenors, tones and flavors that are lost in the bare printed record read months later by appellate judges.' Accordingly, the trial court's findings of fact `are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary.'" Adams v. Tessener, 354 N.C. 57, 63, 550 S.E.2d 499, 503 (2001). The question of whether a parent has relinquished his or her protected status must be reviewed on a case by case basis. Owenby v. Young, 357 N.C. 142, 147, 579 S.E.2d 264, 268 (2003). Only after a non-parent movant has proven by clear and convincing evidence that the parent has forfeited his constitutionally protected status may the trial court apply the `best interest of the child' standard to determine who, the parent or non-parent movant, shall be awarded custody of the child. Id.
The relevant findings of fact, supported by the record, show that Cooper is the child's biological father; that he lived with and helped raise the child for the first year and a half of the child's life; that, though sporadic, he maintained contact with the child for the following two years; that in May of 1997 he filed an action against Dean seeking visitation, then worked out a voluntary visitation and child support agreement; that he exercised his visitation rights and paid his child support from July of 1997 up until the 30 March 2000 order gave him physical custody of the child; that he indicated his desire for custody in late 1997 or early 1998, but felt he was not financially able to take custody at that time; that he contacted Social Services to voice his concern for how Dean was caring for the child, and that he cooperated with Social Services in their investigations of Dean; that he hired an attorney to assist him in his attempt to attain sole custody of the child, and that he participated in the custody proceeding; that he has a good relationship with the child, and he loves and desires custody of her.
Based on these findings of fact, we cannot say that respondent has met her burden of proving by clear, cogent and convincingevidence that Cooper has forfeited his constitutionally protected status as a natural parent. Having failed in her burden, the respondent was not entitled to have her action for custody evaluated on a best interest of the child standard. Therefore, the trial court properly dismissed plaintiff's action for custody. This assignment of error is without merit.
Respondent makes further arguments in her first, ninth, tenth, eleventh, twelfth and thirteenth assignments of error. Based on our holdings above, we hold that respondent's ninth, tenth and eleventh assignments of error are without merit, and that it is not necessary for us to address respondent's first, twelfth and thirteenth assignments of error.
Because respondent has not argued her other assignments of error in her brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).
AFFIRMED.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).